## BURNEY v. SAVANNAH GROCERY CO.

98   711
d99   492
98   711
119   921

1. There is no law or public policy in this State which forbids a married woman from engaging in business with her husband as a copartner; and where a partnership between them is formed, and she is held out to the world as one of its members, she becomes liable to one who deals with the firm upon the faith of her membership therein.

2. Secret stipulations in the partnership articles, limiting the wife's liability as a member of the partnership, are not binding upon innocent third persons who have no knowledge of the same.

July 20, 1896.  By two Justices.

Complaint on account. Before Judge Sweat. Pierce superior court. November term, 1895.

D. H. Burney had been by himself carrying on a mer-cantile business for a considerable time up to August, 1892, when an agreement was made between him and his wife and son, for them to enter into partnership with him in the business to be continued and carried on under the name of Burney & Co. Notice of such partnership was published, and the business was carried on under said name until January, 1895, Burney and his son being the active managers. In the month last named the partners assigned and transferred the partnership assets to one Solomon in trust for the benefit of creditors, and the business was discontinued. The trust deed, which seems to admit the existence of the partnership, was executed by Mrs. Burney as well as by the other members of the firm. The firm was indebted to the plaintiff for goods purchased in 1894, and upon the account therefor suit was brought to the May term, 1895, of the superior court, against the firm, and each of its members. No defense was made by Burney or his son, but Mrs. Burney defended as to herself on the ground that, while in fact she sought to become a partner in the business under the agreement, and while her name was used as a copartner, in law she could not be a partner

with her husband, so as to bind her separate estate, she being a married woman and plaintiff having notice of this fact. The court ruled against this contention, and directed a verdict for the plaintiff. Error is assigned upon this ruling, and upon the refusal of the court to admit in evidence the agreement of copartnership executed by Burney and his wife and son on August 1, 1892. It was objected to on the ground that it consists of secret stipulations that were not brought home to the plaintiff. It recites that it is made for the purpose of continuing the mercantile business now being carried on by Burney, who is to turn over all the goods on hand to the new firm to be known as Burney & Co., which is to assume all liabilities of Burney incurred while in the present mercantile business; that he is to have full management and control of said business, to purchase all goods, unless otherwise agreed, to sign all receipts, notes and other obligations of Burney & Co., and keep the books and accounts; that L. E. Burney (the son) is to work for the business as salesman, etc., for which he is to have one third of the net profits; and that Mrs. Burney is have nothing to do with the management of the business, and her interest therein is to extend only so far as allowing her name used for the security and accommodation of the firm.

*W. G. Brantley*, for plaintiff in error.
*W. M. Toomer*, contra.

LUMPKIN, Justice.

1. This case turns upon the question whether or not, in this State, a married woman may engage in business with her husband as a copartner. In *Francis* v. *Dickel & Co.*, 68 *Ga.* 255, it was put in the form of a query: "Can a wife be her husband's partner in business?" We think this question was answered affirmatively by the principle laid down in *Schofield* v. *Jones*, 85 *Ga.* 816. After a careful examination of all our statutes and many decisions, we have reached the conclusion that there is no law

or public policy in Georgia which forbids such a partnership, provided, always, it is *bona fide* and actual, and not merely colorable. An alleged partnership cannot be used as a mere device for rendering the wife liable for, or subjecting her property to the payment of, debts of her husband. But if they really engage in a business as actual partners, we see no reason why the partnership should not be regarded as a lawful one. The "woman's law" of 1866 went far towards the emancipation of married women. The only restrictions left upon their power to contract were designed for their protection and benefit. In all cases where these restrictions do not apply, they are as free to contract as men; and no one of these restrictions, so far as we have been able to ascertain, prevents a married woman from engaging in a partnership business either with her husband or with another. There are many kinds of business in which she is calculated to make an excellent partner, and one who is likely to contribute to the success of the enterprise. The whole matter is summed up in the following quotation from the opinion of Chief Justice Bleckley in the case last cited: "There is nothing contrary to public policy in allowing husband and wife to unite their joint credit in procuring the means of supplying joint resources in the shape of a home, or a place of business from which to derive an income for the support of the family. Very often it would contribute to the well-being and prosperity of both, and to the permanent good of the family. No doubt such a power can be abused and misapplied, but this is no reason for not recognizing its existence, or why the law should not tolerate it, if on the whole its results are beneficial rather than pernicious. At all events, we think the power exists at present under our law." Page 825.

2. Conceding that a wife may lawfully enter into a partnership with her husband, secret stipulations in the partnership articles by which her liability as a member of the partnership is limited can no more in her case than in any

other be made binding upon innocent third persons who contract with the partnership in ignorance of these stipulations.    One who extends credit upon the faith of her full membership in the firm is entitled to hold her responsible just as if she were a man or a *feme sole*.

*Judgment affirmed.*