## ELLIS & COMPANY *v.* MILLS & GIBB.

99  490
d107 131

99  490
113  968

99  490
119  921

99  490
122  355

1. Under the decision of this court in the case of *Burney* v. *Savannah Grocery Co.*, rendered at the present term, a husband and wife may lawfully engage in business as copartners.

2. An original record of the superior court cannot be introduced in evidence upon the trial of a case in the city court of the same county, over an objection alleging that the contents of such record should be proved by producing an exemplification thereof duly certified by the clerk of the superior court. The latter method being the proper one to pursue, the objection was well taken.

3. The verdict in the present case was demanded by the legal evidence, and therefore will not be disturbed because of the error committed in admitting in evidence the record in question.

August 10, 1896.

Complaint on account.   Before Judge Ross.   City court of Macon.   December term, 1895.

Mills & Gibb brought suit againt John Ellis and his wife as partners composing the firm of John Ellis & Co., upon an account for goods sold to them between September 20th and November 23, 1892.   After the introduction of evidence a motion for nonsuit was made, upon the ground that it appeared that defendants were husband and wife, that husband and wife could not form a partnership under the laws of Georgia, and that Mrs. Ellis was not bound in law for the payment of the debt sued on.   Upon the overruling of this motion error is assigned.

Further error is assigned upon the admission in evidence, over defendants' objection, of the original plea and answer filed on July 25, 1894, by defendants in the case of John Pullman & Co. et al. against the defendants to the present action, in Bibb superior court.   The ground of objection was, that the same was irrelevant and inadmissible, and that the original record from the superior court could not be used as evidence in the city court of Macon, where the present action was brought, but that a certified copy of such original, under the seal of the clerk of the superior court, was proper and competent evidence.   Said original record was identified by the deputy-clerk of the superior court, he testifying that the same was the original paper filed in the office of the clerk of Bibb superior court, that he did not surrender the paper for the purpose of having it introduced in evidence in the city court, but that he had the receipt of Steed & Wimberly, plaintiffs' attorneys, for all the papers in the case of Pullman & Co. v. Ellis et al., and inasmuch as they were attorneys of record in that case he did not object to letting the papers go out of his office nor to their using said original plea in this case.   The portion of the said plea read by plaintiffs sets forth, that the corporation known as the John Ellis Co. was duly and

legally chartered by Bibb superior court; that the whole
of the capital stock was originally subscribed by Mrs. Ellis,
who afterwards sold said shares, as will appear by reference
to the books of the company; that upon the formation of
the company, Mrs. Ellis, who was the absolute owner of all
the goods, notes, accounts and choses in action, then being
managed by her husband, sold said property to the com-
pany in full payment and discharge of her subscription to
the stock, which sale was fair and free from fraud, and one
of the conditions of which was that said corporation should
assume and pay off all the debts and liabilities contracted
by Mrs. Ellis, through her husband, in the management of
the business, etc.

*Washington Dessau* and *Robert Hodges*, for plaintiff in
error.    *Steed & Wimberly*, contra.

ATKINSON, Justice.

So much of the record as is necessary to an understand-
ing of the questions of law made in this case is stated in
the official report.

1. The proposition as to whether a husband and wife in
this State can lawfully become partners in the conduct of
a mercantile business was settled by this court in the case
of *Burney* v. *Savannah Grocery Company*, which was
decided during the present term.    98 *Ga.* 711.    The well
reasoned opinion of Justice Lumpkin delivered in that case
renders unnecessary any additional examination of  that
question.

2. Upon the trial of the cause, the plaintiffs offered in
evidence an original record of the superior court of Bibb
county, which purported to be and was shown to be an
original plea and answer filed in that court by the defend-
ants in the present case when sued in that court by another
plaintiff.    It contained admissions and statements of fact
which were favorable to the plaintiffs in this case.    The
introduction of this original record was objected to upon

the ground that the original records of one court could not be lawfully withdrawn therefrom and introduced in evidence in another court, and that the only method prescribed by law for the introduction of such evidence was by the production of duly authenticated copies. This objection was overruled, and to it plaintiffs in error excepted. We think the court erred in overruling the objection. The code points out the manner in which proceedings of courts of record may be proved, and that is by copies duly authenticated under the seal of the court. It is replied to this, however, that where the clerk himself appears and swears to the existence of the original, this sufficiently authenticates it. The answer to this is, that the law has pointed out one method of authentication only, and the courts are not at liberty to recognize an entirely different manner of proving records. Aside from this, however, upon considerations of public policy, original documents should be excluded in courts other than those in which they are rendered; otherwise the temptation to attorneys and officers of the court to withdraw from the files original records for the purpose of using them as evidence in distant portions of the State might lead to their loss or destruction, and thus produce unnecessary confusion in the keeping of those things which should stand as permanent memorials of the action of the several courts.

3. While this evidence was improperly admitted, and while we have dealt with it for the simple purpose of condemning an improper practice, we do not deem its admission of sufficient importance to justify the grant of a new trial; for when we look through the evidence which appears in the record, we find that it was not only sufficient to sustain the verdict without the evidence thus illegally admitted, but that it was of such a character as to demand a finding in favor of the plaintiffs. The judgment of the court below is therefore      *Affirmed.*