## MORRISON *v.* DICKEY.

1. Mutual confidence being the foundation of the partnership relation, the mere fact that a member of a partnership is not the owner of property which he has embarked in the partnership enterprise, the same belonging to a third person, who has consented that it may be so used for his benefit, but whose interest is not disclosed to the other member of the partnership, does not cause a partnership relation to arise between the other partner and the concealed principal of his copartner.
2. A partner may make an agreement with a third person for a division of the profits coming to him from the partnership enterprise.; and if the character of the agreement is such as to disclose the essentials necessary to a partnership, a subpartnership is thereby formed between the partner and the third person, but such person does not become a member of the first partnership, nor is he liable for the debts of that partnership.
3. Husband and wife may in this State lawfully transact business as copartners, and therefore there may be a subpartnership between a husband and wife in reference to the profits of a business in which the husband is a partner.
4. In a subpartnership of the character above referred to, where the members are husband and wife, a gift by the wife to the husband, of a portion of her interest in the profits which the husband would derive from the first partnership, is valid, and the use by him, or by his copartner, of such profits to discharge a debt of the husband would not render his partner liable to the wife on account of having used her money for the purpose of paying her husband's debt.
5. The verdict for the defendant was demanded by the evidence, and any errors that may have been made by the judge in his instructions to the jury did not require the granting of a new trial.

Argued February 1,—Decided March 7, 1905.

Complaint.    Before    Judge    Reid.    City    court    of    Atlanta. April 9, 1904.

*W. R. Hammond,* for plaintiff.
*Felder & Rountree,* for defendant.

COBB, J.    This was an action by Mrs. Morrison against Dickey, to recover a sum of money which she alleged had been wrongfully appropriated by Dickey to the payment of her husband's debt.

The jury found in favor of the defendant, and the plaintiff assigns error upon the overruling of her motion for a new trial. Mrs. Morrison was the owner of a business which was conducted by her husband in his name. Her ownership was not disclosed to the world, nor was there anything to indicate to those who dealt with Morrison that he was not the owner of the business. Dickey, while ignorant of Mrs. Morrison's ownership, bought from Morrison a half interest in the business. This sale was made, if not with the approval, certainly without the disapproval of Mrs. Morrison. Morrison and Dickey purchased a machine, which, if not necessary, was adapted to and useful in the business they were carrying on, and was actually used in that business. The contract for the purchase-price was signed, not by the partnership, but by Morrison and Dickey individually. Suit was brought upon this contract, and judgment obtained against Morrison and Dickey as individual joint promisors. Up to this point it seems that Dickey was still in ignorance of the fact that the business into which he had been admitted as a partner with Morrison was in reality the business of Morrison's wife, but this fact was subsequently disclosed to him. Dickey, having ascertained that Mrs. Morrison was the real owner of the business, negotiated with her for the purchase of her remaining half interest, and an agreement was reached by which Mrs. Morrison sold this interest to Dickey for the sum of $2,500, $1,000 of which was to be paid in cash. The stipulation in the contract with reference to the remaining $1,500 was in the following words: "The balance of the amount, being fifteen hundred dollars, I hereby give and convey to him, my said husband, J. J. Morrison, for the affection I have for him, together with some compensation for his long service in it. Of course he can do as he pleases with that, provided I get one thousand dollars or its equivalent." Dickey assumed all debts and liabilities of the firm. Morrison agreed with Dickey that the $1,500 above referred to should be left in the latter's hands to be appropriated first to the payment of one half of the judgment against Dickey and Morrison, above referred to, and the remainder, so far as necessary, to the payment of one half of the other debts of the firm. Dickey subsequently paid the balance due on the judgment, and it is claimed by Mrs. Morrison that this payment was made from the proceeds of the business in which her money had been placed by

her husband, and therefore that one half of this money paid on this judgment was hers and should have been paid to her, and the payment of it by Dickey on her husband's debt was illegal, and she was entitled to recover the amount from him; it being also claimed that the arrangement by which $1,500 of the purchase-money of her remaining interest in the business should be left in the hands of her husband, and the subsequent arrangement between Dickey and her husband that this sum should be appropriated in part to the payment of the judgment, were merely a scheme or device to use her money for the purpose of paying her husband's debt.

No partnership relation existed between Mrs. Morrison and Dickey prior to the time that he knew that the business was owned by her. The partnership up to that time was one composed of Dickey and Morrison. The relation created by a partnership agreement is one founded so essentially upon mutual confidence that there can be no such thing in the law as a partnership between persons unless the persons are known to each other and each has an opportunity to determine whether that relation shall be formed between them. Partnership is founded upon agreement and consent, and there can be no consent to the formation of a partnership with a person who is not known. 1 Bates on Part. § 158; 22 Am. & Eng. Enc. Law (2d ed.), 15. The relation which existed between Morrison and his wife, after Dickey had been admitted as a partner into the business carried on by Morrison, was in the nature of a subpartnership, which made Morrison and his wife partners as between themselves, and as such they assumed all the responsibilities that would be incident to a partnership created between two persons where one furnished the capital and the other the skill and labor necessary in carrying out the enterprise. 1 Bates, Part. §§ 164, 169. How profits between themselves as members of this subpartnership would be divided would be immaterial, and therefore the mere fact that Mrs. Morrison was to receive the entire profits of the business thus carried on in her husband's name for her benefit would not deprive the business relationship between them of the essential elements of a subpartnership. It is now the settled law of this State that husband and wife may lawfully engage in business as partners. *Ellis* v. *Mills*, 99 *Ga.* 490. But

this relation existing between Morrison and his wife as to each other would not make the wife a partner in the business carried on by Dickey and Morrison, nor would she be liable for the debts of that partnership; but she would, be liable for any debt which might be considered as a debt of the subpartnership existing between herself and her husband.    1 Bates on Part. §§ 168, 169 ; 22 Am. & Eng. Enc. Law (2d ed.), 17.    Mrs. Morrison therefore could not have been held bound on the contract for the purchase of the machine above referred to, as this purchase was made before the fact of her interest in the business came to the knowledge of Dickey, and therefore before there could have been in law any partnership relation existing between them.    But Morrison was bound, not only by virtue of the partnership relation existing between himself and Dickey, but by the express terms of the contract itself.    When Dickey discovered that Mrs. Morrison was the real owner of the business which he had formerly carried on as a partner of her husband, he had a right to deal with her as such owner, by either admitting her into the partnership or by purchasing from her her interest therein.    The contract, therefore, between Dickey and Mrs. Morrison, by which he purchased her remaining one-half interest in the business was valid and lawful, and, after this purchase, he became the owner of the entire business.    It was lawful for him to pay her $1,000 and agree to pay her $1,500 in the future, and it was also lawful for her to make a gift of the latter amount to her husband.    This is the legal effect of the contract upon its face; and if the gift became complete, it was immaterial for what purposes her husband used the money which was the subject of the gift.    He might use it for the purpose of paying his debts, and the subsequent agreement between him and Dickey, that a portion of the money given to him should be applied by Dickey to the judgment against Morrison and himself was a transaction free from legal infirmity.    Morrison would then be paying his own debt with his own money, and not with the money of his wife.

In addition to this, while Mrs. Morrison was not at all bound by the judgment against Morrison and Dickey, and not in any way liable upon the contract which was the foundation of that judgment, this liability of Morrison and Dickey was one of the liabilities of the partnership between them ; and when Mrs.

Morrison saw fit to disclose her ownership of the business and Dickey saw proper to recognize her as a partner, she then took her position for the first time as a partner in the business with Dickey, and she then became liable, upon an accounting as to the affairs of the partnership, to account to her partner for all claims or demands which as between the partners would be lawful charges against the partnership business; and if the partnership had gone into liquidation, there would have been, in an accounting between the partners, no legal obstacle in the way of Dickey insisting that the money expended for the machine should be treated, as between him and Mrs. Morrison, as a liability of the firm and one for which she should account for one half. This is true notwithstanding the fact that at the time the machine was purchased, when her ownership of the business was not known to Dickey, she gave her husband special instructions not to purchase the machine, it appearing that the machine was actually purchased and used in carrying on the business of the partnership.

Take still another view of the matter. The subpartnership, or relation in the nature thereof, existing between Mrs. Morrison and her husband, rendered her liable to account to her husband for all legitimate and necessary expenses incurred in realizing or attempting to realize profits from the partnership between him and Dickey; and if the purchase of the machine was necessary or proper for the conduct of the business and was actually used in the business, before Mrs. Morrison could demand from her husband the profits of the business she would have to account to him for the amount for which he rendered himself liable on account of such purchase. Her protest against its purchase would not avail her as an excuse for not so accounting, if the profits claimed by her were the result of the business in which the machine had been actually used. So that it seems to us that, under any view of the law and facts of the case, no other legal judgment could have been rendered than one in favor of the defendant. There is nothing in the case to authorize a finding that the transaction was a mere scheme or device to use Mrs. Morrison's money for the purpose of paying her husband's debt. It was the use of her money to pay a liability which Dickey would have a right to claim against her when she admitted her ownership and accepted position as a partner with him, or it was a payment by Morrison

of his debt with his money, title to which he had derived by a voluntary gift from his wife, or the payment of a sum which Mrs. Morrison would have been bound to pay in an accounting with her husband.    While the instructions of the judge are not at all in accord with some of the principles above laid down, still under the undisputed facts of the case the verdict for the defendant was demanded, and any errors committed in charging the jury were harmless.        *Judgment affirmed.    All the Justices concur.*