CALLAWAY *v.* WAXELBAUM COMPANY *et al.*

FISH, C. J.   1. Ferguson conducted a mercantile business, under the name of "De Soto Supply Company," furnished all the capital, purchased all the goods, made all disbursements of money, and had exclusive control and management of the business, and, by agreement with him, Callaway furnished his own services as a clerk or salesman in such business and was to receive therefor one sixth of the net profits, and also furnished the services of another clerk or salesman, for whose services he was to receive another one sixth of such profits, and whose wages he was to pay whether any net profits were realized or not.  *Held*, that, relatively to third persons, Ferguson and Callaway were partners in such business.  *Buckner* v. *Lee*, 8 *Ga.* 285; *Dalton City Co.* v. *Dalton Manufacturing Co.*, 33 *Ga.* 243; *Dalton City Co.* v. *Hawes*, 37 *Ga.* 115; *Powell* v. *Moore*, 79 *Ga.* 524; *Brandon* v. *Conner*, 117 *Ga.* 759.

2. The cases of *Buckner* v. *Lee* and *Brandon* v. *Conner*, supra, being under review, the court is of the opinion that the rule laid down in the first-mentioned and followed in the last-mentioned case should not be disturbed.  Besides, this rule has been applied in cases subsequent to the *Buckner* case, which are not under review.

Judgment affirmed.   All the Justices concur.

Argued May 24,—Decided June 14, 1907.

Complaint.   Before Judge Littlejohn.   Lee superior court. June 21, 1906.

*H. L. Long & Son, Allen Fort & Son,* and *Lane, Maynard & Hooper,* for plaintiff in error.

*Hardeman & Jones, C. R. Winchester,* and *E. P. Johnston,* contra.