### 2359.  BUTLER v. FRANK.

1. A partnership proper is a contractual relationship created by agreement of the parties, arising either from the express terms of a contract or from implications to be drawn therefrom; although a person may be held liable as a partner even in the absence of a contract, in certain instances.

(a) The contract in the present case was an express contract of partnership.

2. A married woman may contract to become, and actually become, a member of a partnership with her husband or other persons; and if she does enter into such a partnership arrangement (unless it is merely colorable and devised for the purpose of evading the law), she is bound for the partnership debts.

(a) There is nothing in the present instance to indicate that the partnership was fraudulent or was devised to violate the law.

Complaint; from city court of Douglas—Judge Roan. December 14, 1910.

Argued February 25,—Decided April 19, 1910.

*Lankford & Dickerson,* for plaintiff in error.

*Rogers & Heath,* contra.

POWELL, J.   The whole question is whether Mrs. Butler was a partner of the firm of Butler & McEwen, or was liable to be held as such by the plaintiff in this case.   The cause of action was an account for merchandise sold by the plaintiff to the firm of Butler & McEwen in March, 1906.   In August, 1905, C. H. Butler, his wife, Mrs. R. C. Butler (the present plaintiff in error), and L. B. McEwen entered into the following written agreement (omitting the formal parts) : "That the parties hereto have this day formed a copartnership for the purpose of carrying on a naval-stores producing and manufacturing business in and around Bushnell, State and county aforesaid, and have agreed as follows:   That the said L. B. McEwen shall transfer to the firm all his right in and to the lease on certain lands in Coffee county, and options on all other lands he may have; that the said C. H. Butler shall put into the business ten mules and five wagons; and that the said Mrs. R. C. Butler shall turn over to the business, to be used for its benefit, the property known as lot 24, fifth district of Coffee county; all the property so contributed may be used for the purpose of getting advances and borrowing money to conduct and carry on the business; and that the divisions of profits shall be as follows: first, that such salaries as may hereafter be agreed upon shall

be paid the active partners; that the value of the property contributed to the business shall be either paid to the partner contributing it, or the property returned to them, and that thereafter the copartners shall share as follows: Mrs. R. C. Butler shall receive one fourth of the profits, the said C. H. Butler and L. B. McEwen shall each receive three eighths or one half of the remaining three fourths, and all, after the business is self-sustaining. This copartnership to be continued until dissolved by mutual consent." It was signed in triplicate, under their hands and seals. It was proved that Mr. Butler and Mr. McEwen were about to enter into the naval-stores business and sought to make financial arrangements with John R. Young Company, of Savannah, who refused to extend to them the line of credit they desired. Butler then informed them that his wife owned certain real estate; and it was suggested that a new partnership should be formed, including her as a partner, and the agreement mentioned above was entered into for the purpose of creating such a firm as could obtain the desired credit. Afterwards she signed several mortgages, etc., as a member of the firm. The proof was undisputed that Mrs. Butler did not actually manage the business, and that she in fact received no part of the profits, if any, which were earned in the business. There is no suggestion of any fraud, accident, or mistake in the execution of the partnership agreement, though there is a contention that it was merely a colorable device to enable the wife to become surety for her husband and Mr. McEwen. There was a judgment for the plaintiff, and Mrs. Butler excepted.

1. A partnership is a contractual relationship, and may result from an express agreement that the relationship shall exist, or by implication from certain other agreements which the parties have made. Further, a person may be held as a partner in certain specified instances, even in the absence of an actual or implied contractual relationship to that effect. These principles are embodied in the chapter of our Civil Code relating to partnerships. Civil Code, §2626 et seq. Thus, §2626 provides that "A partnership may be created either by written or parol contract, or it may arise from a joint ownership, use, and enjoyment of the profits of undivided property, real or personal." It may be seen from this section of the code itself that if the parties, by written or parol contract, expressly agree to become partners, a partnership is created;

further, that if they enter into an agreement whereby there is a joint ownership, use, or enjoyment of the profits of undivided property, real or personal, a partnership arises by implication. In §2629 it is said that "A joint interest in the partnership property, or a joint interest in the profits and losses of the business, constitutes a partnership as to third persons. A common interest in profits alone does not." Considered isolated and insularly, this section of the code does not convey with any approach at accuracy the meaning it is intended to convey. However, it has been so fully construed by the Supreme Court as to leave its meaning no longer doubtful. Under it, if two or more persons put into an enterprise property, money, or other things of value, other than mere personal services, upon an agreement that they shall each have an interest in the profits as such,—that the earnings on the investment shall determine the extent of the profits, if any, to be received,—it is a partnership. It is not necessary to specify as to the liability for the losses in such cases, for if the business venture proves unsuccessful or unprofitable, the loss occurs as the inevitable concomitant. See *Brandon* v. *Conner,* 117 *Ga.* 759 (45 S. E. 371, 63 L. R. A. 260), and cit.; *Callaway* v. *Waxelbaum,* 128 *Ga.* 508 (57 S. E. 762); *Hand Trading Co.* v. *Jones,* 129 *Ga.* 853 (60 S. E. 154). In the view that we take of this case, it is unnecessary to consider the instances under which a person may be held liable as if he were a partner, where he has made no express or implied partnership agreement. In this case Mrs. Butler did expressly, by written contract, agree to become a partner, and entered into a business arrangement from which, even if the relationship had not been expressly mentioned, she would, by the very nature of the agreement, have become a partner by implication. She not only agreed to become a partner, but she put property into the enterprise, upon the agreement that, for the use of this property and of her credit, she should have (instead of some fixed sum as compensation) a fourth interest in the profits, whatever they might be. Though she had no participation in the active management of the business, nevertheless this agreement clothed the other two partners with authority in the nature of an agency to carry it on for her; and no matter how profitable the business might have proved, she would have been entitled to compel them to account to her for the share of the profits which, under the agreement, she was to have.

42

2. Mrs. Butler is a married woman, it is true; and our law forbids married women from becoming sureties; but, nevertheless, she may be a partner in a business with her husband or with others. This is conceded by both sides of the case. It is settled by the decisions of the Supreme Court. *Burney* v. *Savannah Grocery Co.,* 98 *Ga.* 711 (25 S. E. 915, 58 Am. St. R. 342); *Ellis* v. *Mills,* 99 *Ga.* 490 (27 S. E. 740); *Morrison* v. *Dickey,* 122 *Ga.* 355 (50 S. E. 175, 69 L. R. A. 87). In the *Burney* case Justice Lumpkin said: "After a careful examination of all our statutes and many decisions, we have reached the conclusion that there is no law or public policy in Georgia which prohibits such a partnership, provided, always, it is bona fide, and actual, and not merely colorable.

. . . An alleged partnership could not be established as a mere device for rendering the wife liable for, or subjecting her property to the payment of, debts of her husband, but if they really engage in the business as actual partners, we see no reason why the partnership should not be regarded as a lawful one." If the partnership agreement in the present case was created for the purpose of rendering the wife liable for her husband's debts, there is no suggestion of it in the record. If her husband owed a dollar in the world at the time when this agreement was made, that fact is not disclosed. The language used by the court in the *Burney* case does not mean, as counsel seems to think, that the law is not willing that the wife should join her resources with those of her husband for the purpose of obtaining credit and creating debts which the husband alone could not have obtained or created, on account of his lack of individual credit. On the contrary, the opinion of the court in that case is based on the dictum of Chief Justice Bleckley in the case of *Schofield* v. *Jones,* 85 *Ga.* 816, 825 (11 S. E. 1032), to the effect that husbands and wives may unite their joint credit for the purpose of carrying on businesses from which to derive an income. As was said in the *Schofield* case: "Very often it would contribute to the well-being and prosperity of both, and to the permanent good of the family. No doubt such a power can be abused and misapplied, but this is no reason for not recognizing its existence, or why the law should not tolerate it, if on the whole its results are beneficial rather than pernicious. At all events, we think the power exists at present under our law." Of course, the law would not tolerate a mere colorable arrange-

ment.    For example, if the husband and one of his prospective creditors should enter into an arrangement whereby the former was to obtain money, not for the carrying on of a business in the profits of which the wife was to have. a reasonable share, but for some personal matter of the husband's, and should, with a view of having the wife stand surety, cause her and her husband to enter into a contract by which they agreed that they were partners, the wife could not be held.    But in this case the arrangement was not merely colorable.    The partnership was actually formed.    The business was actually carried on.    The wife was to have an interest in the profits of that business.    The contract is plain and unambiguous.    And there is no suggestion of fraud, accident, or mistake in its terms or in its formation.    The court properly held Mrs. Butler liable for the partnership debts.

*Judgment affirmed.*