## Doss *v.* Ragan.

HOLDEN, J. The defendant in error sued J. R. Doss and Brother, alleged to be a copartnership of which J. R. Doss and F. C. Doss were members. The only answer filed was one by F. C. Doss, denying that he was a member of the partnership. The jury rendered a verdict against this plea and in favor of the plaintiff. To the order of the court refusing a new trial F. C. Doss excepted. The evidence authorized the jury to find that the connection of F. C. Doss with the partnership was as follows: the mercantile business was operated by J. R. Doss and F. C. Doss under the firm name of J. R. Doss and Brother. J. R. Doss furnished all the money with which the business was begun. F. C. Doss furnished no money, but only his services. The agreement between the parties was that each was to have, from the proceeds of the business as it was being carried on, an amount sufficient to pay his necessary expenses of living, and each was to have an equal amount for this purpose, and the net profits were to be equally divided between them. There was "no understanding as to the losses" of the firm, should there be any. *Held:*

1. The facts above recited constituted F. C. Doss a member of the partnership, at least relatively to third persons. *Brandon & Dreyer.* v. *Conner*, 117 *Ga.* 759 (45 S. E. 371, 63 L. R. A. 260) ; *Callaway* v. *Wawelbaum Company*, 128 *Ga.* 508 (57 S. E. 763).

2. The only assignment of error is that the court erred in overruling the motion for new trial, based upon the general grounds that the verdict was contrary to law and evidence. The verdict was supported by the evidence, and the court committed no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 24, 1911.

Complaint. Before Judge Edwards. Floyd superior court. December 16, 1909.

*George A. H. Harris & Son,* for plaintiff in error.

*Sharp & Sharp,* contra.