## BLACKBURN *v.* LEE *et al.*

1. Where the question was whether a married woman conveyed land to her son so as to furnish him a basis of credit or to enable hⁱm by a conveyance of the land to secure the payment of his debts, or whether the transaction was merely colorable and a scheme, in which the creditor participated, to make her in fact, though not in name, a surety for the debt of her husband, it was error to direct a verdict, where it could not be properly declared that, under the evidence introduced, and all reasonable deductions or inferences therefrom, a particular verdict was demanded.

2. Where no motion for a new trial was made, but a brief of the evidence was approved and made a part of the record, as provided by Civil Code (1910), § 6141, and the bill of exceptions specified it as a part of the record to be sent to this court; and where the original brief of evidence was attached to the bill of exceptions and transmitted therewith, this court, upon having the fact brought to its attention, will order its clerk to send the original record to the clerk of the superior court and direct the latter to certify and transmit a transcript as required by law, and, upon receipt of it in due time, will decline to dismiss the writ of error.

3. The brief of evidence was somewhat subject to criticism as to the manner in which it was prepared, but it did not constitute so gross a disregard of the statute as to authorize this court to refuse to consider it.

DECEMBER 15, 1911.

Complaint for land. Before Judge Parker. Ware superior court. December 8, 1910.

*A. E. Cochran,* for plaintiff.

*Wilson, Bennett & Lambdin,* for defendants.

LUMPKIN, J.  A married woman owned a lot of land.  By deed dated September 30, 1904, she conveyed it to her son, reciting a consideration of a thousand dollars.  On February 13, 1905, the grantee in this deed and his father, the husband of the grantor, executed a deed to a corporation, to secure certain promissory notes signed by the makers.  This deed included certain turpentine leases, mules, horses, naval stores, etc., and also the land covered by the former deed.  The land was described as the individual property of the son.  This deed contained a power of sale upon default, and also authorized the grantee in it to purchase at any such sale.  After default, the power was exercised, the land sold, and the creditor became the purchaser.  Subsequently the woman who had conveyed to her son brought suit to recover the land.  She alleged that the conveyance by her to her son and the making of the security deed constituted a mere scheme to avoid the statute, which prevented her from becoming surety, and that the agent of the defendant knew this and agreed that the defendant would make advances in connection therewith.  On the trial the presiding judge directed a verdict for the defendants, and the plaintiff excepted.

1.  Under our statute, a wife can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, is void. Civil Code (1910), § 3007.  A married woman may give land to her son.  She may convey it to him in order that he may have a basis of credit, or for the purpose of enabling him, by a conveyance of the land, to secure the payment of his debts.  If she does so, and does not herself become liable for the payment of the debt, she is bound by her deed, and must abide the loss of the land arising from her maternal generosity.  But if the deed is not what it purports to be, but is a mere colorable transaction and part of a scheme, in which the creditor participates, to make her in fact a surety for the debt of her son or husband, though not nominally bound for its payment, the transaction is contrary to law and void. *National Bank of Athens* v. *Carlton, 96 Ga.* 469 (23 S. E. 388).

A judge can not properly direct a verdict because he may think that the strength or weight of the evidence is on one side, or because he might grant a new trial if a verdict should be returned against what he thinks is the preponderance of the evidence.  Un-

der the code, this can be done only where there is no conflict in the material evidence, and where that introduced with all reasonable deductions or inferences therefrom demands a particular verdict. Civil Code (1910), § 5926.

Applying the principles above enunciated to the evidence in this case, the court erred in directing a verdict. The evidence was somewhat confused as to the existence of a former firm or corporation and the relation of it to the defendant company, and whether the agent who negotiated with the father and son represented the former or latter company when the negotiations began; but the same person represented the defendant company when the security deed was made, and it was made to the defendant, not to the other company. The evidence of the witnesses for the plaintiff was by no means clear on other points. Nevertheless there was enough to prevent the direction of a verdict. The plaintiff testified: "In signing the deed, my understanding was that he [her son] mortgaged the property to West-Flynn-Harris Company [the defendant company] as security for my husband for some money that the West-Flynn-Harris Company had loaned him. That was the understanding." Referring to a preliminary conversation with the agent, the son testified: "He wanted to know what we could put up as security, and what I proposed to invest in the business; and I told him and my father told him. I just simply stated to him how it stood. I told him that it was my mother's property, and that she was willing to put it up to secure my father's interest." Again: "Yes, I told him I was putting in cash, and that my mother was putting in the home place to secure my father's interest." Still further, he stated: that he first saw the deed to him when he and his father met the agent again; that his father then handed him the deed, saying, "Your mother has made the deed to you;" that the witness looked at it and passed it to the agent; that the latter took it and went out, and after about thirty minutes returned and said: "We will take you up." The husband testified similarly, and also stated that the preliminary interview was with "the representative of the West-Flynn-Harris Company."

It is unnecessary to go further into the evidence. We are not deciding how the jury should find, or what the judge should do on a motion for new trial. We merely hold that the case was not one for the direction of a verdict.

The defendant demurred to a certain paragraph of the petition. The presiding judge announced that he would sustain the demurrer unless the plaintiff would strike the paragraph. The plaintiff amended by striking the objectionable paragraph and making other allegations in lieu of it. She then excepted to the judge's announcement. There was no judgment striking the paragraph. The plaintiff herself struck it, and there was nothing to which exception could be taken.

2. A motion to dismiss the writ of error was made. The plaintiff had a brief of evidence approved by the court and ordered filed as a part of the record. This may be done, instead of incorporating the evidence in the bill of exceptions, although no motion for a new trial is made. Civil Code (1910), § 6141. In specifying the parts of the record which should be sent up to this court, the bill of exceptions named "the brief of evidence incorporated herein and made a part of this bill of exceptions, and order of approval of same by the court, and the entry of filing." Attached to the bill of exceptions by a paper fastener, after the certificate of the judge, the acknowledgment of service by counsel, and the certificate of the clerk, appeared what was evidently the original brief of evidence, with the approval and order for filing, signed by the judge, and the entry of filing by the clerk. It was not made an exhibit or identified as such. This court ordered such original paper to be returned by the clerk to the clerk of the superior court, with direction to certify and send up a transcript of such record. This has been done. Civil Code (1910), §§ 6149, 6181. The motion to dismiss the writ of error because the evidence was not properly brought to this court is overruled.

3. It was also urged that there was no sufficient effort to comply with the law as to making a condensed and proper brief of the evidence, and that what purported to be a brief of the evidence ought not to be considered. The paper is not a model of brevity or lucidity. But we can not say that it presented so gross a disregard of the statute as to be treated as no brief. This court has said that it looks to substantial, rather than to technically or literally exact, compliance with the law on that subject. *Crumbley* v. *Brooke,* 135 *Ga.* 723 (70 S. E. 655).

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*