## 7577. REEVES v. LANCASTER.

The court erred in striking, on general demurrer, the defendant's plea, which set up that the transaction in which she gave the notes sued on was a scheme to subject her property to the payment of a debt of her husband.

DECIDED OCTOBER 4, 1916.

Complaint; from city court of Waynesboro—Judge W. H. Davis. April 25, 1916.

*T. L. Hill,* for plaintiff in error, cited: *Bond* v. *Sullivan,* 133 *Ga.* 160; *Central Bank* v. *Almand,* 135 *Ga.* 231; *Blackburn* v. *Lee,* 137 *Ga.* 265; Civil Code, §§ 3007, 6456.

*Brinson & Hatcher,* contra, cited: *Chastain* v. *Peak,* 111 *Ga.* 889; *Johnson* v. *Leffler Co.,* 122 *Ga.* 670; *Rood* v. *Wright,* 124 *Ga.* 849.

HODGES, J. The trial judge erred in striking, on general demurrer, the defendant's answer to the suit, which was based on promissory notes executed by her to the plaintiff, and in directing a verdict for the plaintiff. The answer, after denying indebtedness, was as follows: "Defendant, further answering, says that J. P. Applewhite, part owner of the C. Parker Company, a mercantile corporation in Millen, Jenkins county, Georgia, acting as agent for said corporation, held an alleged account indebtedness against the husband of this defendant, which indebtedness was created, if at all, prior to March 8th, 1912. The plaintiff, Mrs. Lancaster, is a sister of the said J. P. Applewhite, and the said J. P. Applewhite acted for and in behalf of the said Mrs. Lizzie Lancaster, the plaintiff, and, as such agent of Mrs. Lancaster, the plaintiff, induced this defendant to execute the papers sued upon in this case, which was supposed to represent a loan of $1,000.00 from the plaintiff to the defendant, in order that the proceeds of said loan should first be applied to the payment of and in liquidation of the account held by the said C. Parker Company as aforesaid against the husband. And this defendant, not fully realizing her legal responsibility, executed the papers sued upon. Whereupon the sum of approximately $900.00 thereof was deducted from the said loan by the said Applewhite and applied to the payment of the debt due by this defendant's husband to the said C. Parker Company. The remainder or balance of said amount, to wit, approximately $100.00, was then paid over to the defendant, and this

defendant now avers that this was simply a scheme or device on the part of the said Applewhite to secure the payment of a husband's debt by the use and consumption of the wife's property, which is not permissible under the law. This defendant, further answering, says that she was in nowise responsible for the debts claimed to be due by the said Parker Company, against her said husband, and that she is not legally, equitably, or morally bound to pay the same, and this entire transaction was and is a scheme and device on the part of said J. P. Applewhite, part owner, manager, and agent of the said C. Parker Company as aforesaid, and the said plaintiff in this case, to subject the property of your defendant to the payment of a husband's debt, which effort is prohibited by law; and such contracts are not enforceable." In *Blackburn* v. *Lee,* 137 *Ga.* 265 (73 S. E. 1), the court ruled: "Under our statute, a wife can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debt, is void. Civil Code (1910), § 3007. A married woman may give land to her son. She may convey it to him in order that he may have a basis of credit, or for the purpose of enabling him, by a conveyance of the land, to secure the payment of his debts. If she does so, and does not herself become liable for the payment of the debt, she is bound by her deed, and must abide the loss of the land arising from her maternal generosity. But if the deed is not what it purports to be, but is a mere colorable transaction and part of a scheme, in which the creditor participates, to make her in fact a surety for the debt of her son or husband, though not nominally bound for its payment, the transaction is contrary to law and void. *National Bank of Athens* v. *Carlton,* 96 *Ga.* 469 (23 S. E. 388)."

*Judgment reversed.*