### 21842. SMITH *v.* DALTON ICE COMPANY.

JENKINS, P. J. In the instant suit in a justice's court the account attached to the summons set forth a balance due as of April 10, 1926, of $21, and listed items subsequently accruing, giving the date and amount of each such item, but not the commodity purchased. The account aggregated $75, and listed credits of $41, leaving a balance due of $34. The defendant demurred in general terms that the account was "not properly itemized as required by law." Thereafter the plaintiff, without objection, amended the summons by stating that each of the items listed was for ice-ticket books sold and delivered to the defendant, and that the plaintiff's records prior to April 10, 1926, had been destroyed, and the only record available was of the balance due on that date. The jury found for the plaintiff in the amount sued for. The defendant excepts to the overruling of his petition for certiorari. *Held:*

1. Whether or not it could be said that the plaintiff sufficiently complied with the provisions of the statute requiring a bill of particulars, by stating its inability to set forth more fully the items accruing prior to April 10, 1926, but alleging that such items represented the sale of ice-ticket books to the defendant (49 C. J. p. 640, § 903), the amendment, allowed without objection, met the ground of the special demurrer of the defendant in so far as it related to items of the account which accrued subsequent to April 10, 1926. Accordingly, the demurrer did not cover the pleadings of the plaintiff after the allowance of such a material amendment (*Powell* v. *Cheshire*, 70 *Ga.* 357 (2 b), 48 Am. R. 572), and it was incumbent upon the defendant to renew the demurrer, or to insist upon it after the amendment had been allowed, if it was still relied upon. *General Accident &c. Assurance Cor.* v. *Way*, 20 *Ga. App.* 106

(2) (92 S. E. 650). Since the defendant did not renew the special demurrer, or insist upon it after the allowance of the material amendment, he must be held to have waived it.

2. The plaintiff was authorized to credit the payments made on the account to the oldest item listed thereon, since it does not appear that any direction to the contrary was given by the defendant. Civil Code (1910), § 4316. Since the payments made exceeded in amount the items on the account which were more than four years old at the time the suit was brought, it can not be said that any portion of the amount sued for was barred by the statute of limitations.

3. Under the testimony as set forth by the answer of the magistrate, the verdict in favor of the plaintiff was authorized, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 15, 1932.

*C. D. McCutchen,* for plaintiff in error. *R. C. Pittman,* contra.