39606. BANISTER et al. v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD.

RUSSELL, Judge. 1. "A material amendment to a petition reopens the entire petition to demurrer, and where the demur-

rer, instead of renewing all grounds of demurrer theretofore filed, merely renews specified grounds, all other grounds of demurrer are in law abandoned and will not be considered." *Empire Box, Inc. v. Moore*, 87 Ga. App. 57 (1) (73 SE2d 63). The general rule is that a special demurrer must be filed at the first opportunity if it is desired that the technical defect be insisted upon, and a litigant cannot wait many months after the defect urged in the special demurrer becomes apparent and then file his objections. *Levy v. Logan*, 99 Ga. App. 253 (108 SE2d 307). When this case was here before (*National Fire Ins. Co. v. Banister*, 104 Ga. App. 13 (4), (121 SE2d 46), we held that paragraph 4 of the original petition was subject to special demurrers 12, 13, 14 and 15 attacking the allegations relating to the extent of plaintiff's fire loss as being vague and indefinite, for the reason that neither there nor elsewhere in the petition did the plaintiff allege the amount of his loss. Following this amendment the defendant on September 12, 1961, renewed its first four grounds of demurrer only to the petition as amended. On October 5, 1961, it attempted to renew 10 other grounds of special demurrer, including the special grounds 5, 12, 13, 14 and 15 above referred to. The paragraph had been materially amended prior to the first renewal of the demurrers, some of the wording especially attacked therein had been deleted, and no demurrers or objections to the amendment were filed. It follows that these grounds of special demurrer had been abandoned, and it was error for the trial court to sustain them over the objections of the plaintiff that they came too late and should not be considered.

2. There remains for consideration ground 4 of the demurrer which was renewed on September 12, which was not attacked as coming too late, and which demurred specially to the petition as a whole on the ground that it claims recovery for the wrong amount under the pleaded facts and fails to allege a proper measure of damages. Paragraph 4 was originally held subject to demurrer because the plaintiff failed to allege the amount of his loss. The petition as amended alleges that the property was totally destroyed, as a result of which plaintiff sustained a loss of $10,000 on the building and contents, and the language was deleted which this court construed on the prior appeal as an allegation that the plaintiff was en-

titled to the face amount of the policy simply on proof of its destruction by fire and a $10,000 coverage regardless of the actual loss. The amendment thus cured the defect to which the demurrer was originally directed. It is true that the plaintiff amended by showing the amount of his loss rather than the measure of his loss, but he conformed to the language of the opinion of this case on its former appearance, the only test to be applied to the amended petition in the absence of an objection or special demurrer directed to the amendment. That ruling is now the law of the case. Since the amendment met its terms, it was error for the trial court to sustain the demurrer and dismiss the petition.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*
DECIDED SEPTEMBER 6, 1962.

*Walter O. Allanson, W. S. Northcutt,* for plaintiffs in error.
*Bagwell & Hames, James A. Bagwell,* contra.