42185. JENKINS v. TASTEE-FREEZ OF GEORGIA, INC.

ARGUED JULY 5, 1966—DECIDED DECEMBER 5, 1966—REHEARING
DENIED DECEMBER 20, 1966—

*Thomas W. Elliott,* for appellant.

*Allen & Baker, T. M. Allen, Jr.,* for appellee.

FRANKUM, Judge. Tastee-Freez of Georgia, Inc. sued Mrs. Hildred Milligan Jenkins and her husband, James B. Jenkins, on an indebtedness alleged to have arisen out of a franchise contract executed by the defendants who were alleged by the petition to have been partners in the operation of the franchise business. Only Mrs. Jenkins was served, and she only appeared and defended the suit, and she alone will hereinafter be referred to as the defendant. In her answer and in a special plea filed defendant contended that the obligations sued on were not hers but were the obligations of her husband incurred in relation to the business operated under the franchise contract, and that with regard to those debts defendant was a mere surety and not a partner. At the conclusion of the evidence the trial court directed a verdict for the plaintiff in the amount sued for as shown

by the evidence and as set forth in an amendment to the petition. The defendant appealed to this court, and in her enumeration of errors contends that the trial court erred in overruling her renewed grounds of special demurrer and in directing a verdict against her, and in entering judgment against her including interest, in that the judgment so entered does not follow the verdict directed, and in that it shows on its face that it was entered prior to the direction of the verdict.

■ The defendant demurred to Paragraph 1 of the plaintiff's petition on the ground that it was multifarious in that it sought to combine in one count a suit on checks, open accounts and rent. The plaintiff amended its petition twice. The second amendment, offered and allowed on the trial of the case to conform to the evidence introduced without objection, materially changed the amounts sought to be recovered on each of the items sued on. While the defendant renewed her grounds of demurrer after the first amendment, after which the court overruled them, she did not renew or re-insist upon them after the second amendment. The enumerated error complaining of the order overruling the appellant's grounds of special demurrer, therefore, presents nothing for our consideration. *Smith v. Dalton Ice Co.*, 45 Ga. App. 447 (1) (165 SE 144); *Oxford v. Shuman*, 106 Ga. App. 73, 85 (5a) (126 SE2d 522); *Banister v. National Fire Ins. Co.*, 106 Ga. App. 507 (1) (127 SE2d 330).

■ The plaintiff's evidence showed conclusively that the defendant and her husband signed a Tastee-Freez "Operator's Agreement" as lessees of designated premises located in Atlanta. This contract appears to be a franchise contract by which James B. Jenkins and Hildred L. Jenkins were authorized to do business at the location designated under the name and style of "Tastee-Freez," and under the terms of which the plaintiff therein designated as lessor was obligated to furnish to the lessees at a stipulated price per gallon the mix to be used in preparing "Tastee-Freez." By the terms of the agreement the lessees obligated themselves to use certain equipment referred to in the contract in dispensing "Tastee-Freez," to purchase certain other supplies from "Lessor" (franchise holder), and to perform certain other covenants not here material. Four days

after executing the agreement with the plaintiff the defendant and her husband executed three separate contracts with the owner of the premises (and owner of other equipment located therein) where the business was to be conducted, each contract denominating the defendant and her husband as a partnership. However, the president of the plaintiff corporation, who personally negotiated the contract on behalf of the plaintiff, testified that he did not see or know of those instruments until after the plaintiff had advanced all the credit here sued on. Under these circumstances the plaintiff was not authorized to rely on those instruments as an estoppel against the defendant under the doctrine pronounced in *Carmichael v. Greer, Lake & Co.*, 55 Ga. 116, and like cases.

It is true that the contract entered into between the plaintiff corporation and the defendant was signed by both the defendant and her husband who were collectively designated as "lessee," and this fact would tend to indicate that they signed as partners or joint venturers. Such an inference was not demanded, however, and it was, therefore, insufficient as the basis for the direction of the verdict. *Code Ann.* § 110-104. While it is also true that a married woman may by appropriate contract become a partner with her husband and be jointly liable with him for partnership debts (*Schofield v. Jones*, 85 Ga. 816 (2), 821 (11 SE 1032), and *Butler v. Frank*, 7 Ga. App. 655 (2), 658 (67 SE 884)), there is no room to doubt that under the provisions of *Code* § 53-503, and under the many cases interpreting and applying it, a married woman may be heard to explain the capacity in which she signed such an instrument and to show that she in fact undertook the obligation thereof merely as surety for her husband. *Blackburn v. Lee*, 137 Ga. 265 (73 SE 1); *Magid v. Beaver*, 185 Ga. 669 (196 SE 422). The defendant testified in effect in this case that the president of the plaintiff corporation told her and her husband that in order for the plaintiff to grant a franchise it would be necessary that they both sign the contract because "the property was all in my name." Perhaps, while this itself is subject to differing interpretations, when considered in connection with the positive testimony of the defendant that she was not a partner in the

Tastee-Freez business being conducted by her husband at 2510 Moreland Avenue, S. E., Atlanta, it cannot be said that it would not have authorized the jury to conclude that in signing the contract in this case, the defendant did so merely as surety for her husband. It follows that for the foregoing reasons and no others the trial court erred in directing the verdict.

■ The remaining enumerations of error relate to the entry of judgment. The first of these contentions is that the court erred in entering judgment for the amount of the jury verdict which had been directed, plus $79.55 interest which was not included in the verdict, on the ground that such judgment did not follow the verdict. *Code* § 110-301. The claim in this case was not such as bears interest before a demand. *Code* § 57-107. While the plaintiff prayed for interest at the highest legal rate from the date of demand, the verdict entered pursuant to the direction of the court did not provide for interest. It was necessary that the jury expressly find interest, and, by their verdict, specify as a separate sum the interest found to be due on the principal sum in order that the plaintiff be entitled to recover interest. *Linder v. Renfroe,* 1 Ga. App. 58, 62 (57 SE 975). It follows that the appellant's contentions in this regard are meritorious and furnished additional grounds for setting aside the judgment.

Appellant also contends that the judgment is illegal because the record shows on its face that it was entered two days before the verdict. It is apparent that this is merely the result of a typographical error, but even if this should vitiate the judgment, it is not such a matter as would likely recur on another trial, and since the judgment is being reversed on other grounds this contention will not be passed on.

*Judgment reversed. Jordan and Pannell, JJ., concur. Hall, J., concurs in the judgment only. Quillian, J., concurs specially. Felton, C. J., Bell, P. J., Eberhardt and Deen, JJ., dissent.*

QUILLIAN, Judge, concurring specially. I concur in the opinion reversing the trial court's direction of a verdict. I am constrained to do so because of the binding effect of *Schofield v. Jones,* 85 Ga. 816 (11 SE 1032); *Blackburn v. Lee,* 137 Ga. 265 (73 SE 1); *Magid v. Beaver,* 185 Ga. 669 (196 SE 422); and similar cases.

In the *Schofield* case, 85 Ga. 816, 820, supra, it is held that where "the creditor, the wife and the husband combine to give mere color by writing to dealings really intended by all of them to be between the creditor and the husband, and the credit is not really extended to the wife, but to him, then she will be at liberty to repudiate her apparent debt, for the reason that it is at bottom not her own, but his." Accepting and therefore applying this rule, there was sufficient evidence, though meager, to present a jury question as to whether the president of the plaintiff corporation had knowledge that the defendant signed the contract, not as a principal, but as surety for her husband.

FELTON, Chief Judge, dissenting. There was no evidence tending to show that the defendant signed the joint lease contract under duress or that it was procured by fraud, or any other reason why the defendant would not be bound by the lease contract which shows that the defendant signed the contract as a joint lessee, both within the contract and below her signature. *Brosseau v. Jacobs Pharmacy Co.*, 147 Ga. 185 (93 SE 293). The defendant's testimony that she was not a partner with her husband as to the leased property and the obligations thereunder is only a conclusion of law because the lease contract gave her a joint interest in the contract and in the property and trade name provided for in the lease. *Code* § 75-101. *Magid v. Beaver*, 185 Ga. 669, supra, involves a promissory note and not a bilateral contract.

I am authorized to state that Bell, P. J., Eberhardt and Deen, JJ., concur in this dissent.