### 42924. GREENFIELD v. HOUSTON.

HALL, Judge. The plaintiff sued the defendant on an instrument signed by the defendant stating that the defendant agreed "by this note to pay [the plaintiff] the total sum of [$792] for a period of 12 months or until said debt is paid in full." By defensive pleading the defendant alleged accord and satisfaction. At the trial the plaintiff was the first witness, called for cross examination by the defendant. He testified that he borrowed the money that he loaned to the defendant from a finance company and there was an agreement that the defendant would make the installment payments to the finance company on the plaintiff's loan, and the defendant made such payments totaling $396. The defendant's testimony corroborated this. The court permitted all of the testimony respecting that agreement over the objection of the plaintiff's counsel that it was inadmissible because it varied the terms of the note sued on by parol evidence. However, on direct examination of the plaintiff his counsel questioned him concerning the agreement for payments to the finance company, as to whether it was oral or in writing. The plaintiff having himself elicited evidence on the subject, the admission of the evidence objected to was not reversible error. *Chandler v. Alabama Power Co.,* 104 Ga. App. 521, 525 (122 SE2d 317), reversed on other grounds 217 Ga. 550 (123

SE2d 767); *Hunt v. Williams,* 104 Ga. App. 442, 444 (122 SE2d 149); *Insurance Co. of North America v. Gulf Oil Corp.,* 106 Ga. App. 382, 392 (127 SE2d 43); *General Gas Corp. v. Whitner,* 110 Ga. App. 878, 879 (140 SE2d 227).

The plaintiff's counsel objected to questioning of the plaintiff as to money paid to the finance company by the plaintiff's insurance company while he was sick. It appears from the transcript that the court sustained this objection and excluded the testimony objected to.

The plaintiff testified that to receive the note paid in full from the finance company he paid $166.65, and the court entered judgment against the defendant for this amount. The evidence admitted by the court shows without contradiction that the defendant agreed in writing to pay the plaintiff $792, and that she paid in satisfaction of this obligation $396. The issue being tried was what amount of the total sum received by the defendant for her note to the plaintiff had not been satisfied by the defendant. The evidence did not support the judgment in the amount rendered.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JULY 5, 1967—DECIDED JULY 13, 1967.

Action on note. Fulton Civil Court. Before Judge Camp.

*Glenville Haldi,* for appellant.

*William T. Brooks,* for appellee.