54073. ERDMIER et al. v. EUNICE.

SMITH, Judge.

Eunice brought suit on a promissory note on which the appellants, Erdmier and three others, were co-makers. A verdict was returned to Eunice and the trial court entered judgment on the verdict and added interest

to the amount awarded. The appellants contend the verdict was contrary to the evidence, that the court's charge was erroneous, and that interest was illegally added to the verdict. We disagree and affirm the judgment.

Ray Thornton was proprietor of an enterprise known as the "Pearson Livestock Exchange." He was unable to obtain, on his own financial merits, a required $10,000 bond, so he sought the help of Eunice, who signed along with Thornton as principal on the bond. About one year thereafter, Thornton ran into financial difficulty and issued several checks which were not honored and which, if he could not obtain funds to cover them, would be satisfied from the posted bond. Again, he sought the help of Eunice, who agreed to lend him $10,000 in cash, but only if he could obtain suitable accommodation parties to sign a promissory note in that amount. The appellants signed the note as co-makers, and Eunice gave Thornton $10,000. The note stated that it was for the principal sum of $10,800, payable in one year together with interest thereon from the date of execution at 8 per cent. per annum.

1. The appellants' contention that the evidence did not support the verdict because it showed a lack of consideration is without merit. The evidence showed that Thornton was not legally required to apply the borrowed funds to the account of Pearson Livestock Exchange. Eunice may have stood to lose some money by virtue of the bond he had posted, and application of the loaned funds to the Pearson account may have prevented or forestalled such a loss. Nevertheless, the evidence amply authorized a finding that the benefit Eunice may have received by making the loan was exceeded by the detriment he incurred by parting with the funds for one year. Thus, the evidence did not require a finding of lack of consideration.

2. The trial court's charge to the jury on the several points bearing on the question of possible fraud or misrepresentation was adjusted to the evidence and correctly stated the law. The enumerations directed toward these charges are without merit.

3. The jury returned a verdict for $10,000, rather than for $10,800 stated as the principal amount on the

note. Whether the jury was authorized to vary the face of the note by returning this verdict we need not decide, for neither party has objected to the verdict or raised the issue on appeal or below. Judgment for $10,000 therefore was proper; however, the trial judge was without authority to add interest to that judgment without a direction to do so in the verdict. *Jenkins v. Tastee-Freez of Ga.,* 114 Ga. App. 849 (3) (152 SE2d 909). The entry of an interest judgment here was an impermissible variation of the jury's verdict. Code § 110-301; *Fried v. Fried,* 208 Ga. 861 (3) (69 SE2d 862). Accordingly, the judgment is affirmed on the condition that Eunice write off the interest award of $4,602.58 within ten days of the date of this judgment. Otherwise, the judgment is reversed.

*Judgment affirmed with direction. Bell, C. J., and McMurray, J., concur.*

SUBMITTED MAY 24, 1977 — DECIDED OCTOBER 13, 1977.

*Robert Sumner, Douglas W. Mitchell, III, Kopp, Peavy & Conner, Neal L. Conner, Jr.,* for appellants.

*Schreiber, Rozier & Thomas, C. Edwin Rozier, W. Vincent Settle, III,* for appellee.