## 57653. HOFFMAN v. CLENDENON.

BANKE, Acting Presiding Judge.

This case involves a complaint for indebtedness on an open account for decorating services and materials. The original complaint prayed for judgment in the amount of $3,471.38 and was subsequently amended to claim $4,271.38. Appellant denied liability and charged that the work was not done in a timely manner, was of inferior quality, was incomplete, and was not performed to specifications. He also counterclaimed and demanded judgment for $10,000. The jury found for appellees in the amount of $3,271.38 after the trial court directed a verdict in her favor on the issue of liability. The court, however, entered judgment in the amount of $3,471.38, plus interest at 7 percent from August 1974, in the amount of $990.57. The jury verdict form in the record containing the award of $3,271.38 makes no mention of interest. Appellant enumerates as error the $200 increase in the award, as well as the addition of interest. *Held:*

1. Had the trial court perceived a transparent error in the jury's verdict, it would have been authorized to

determine from the jury its intention and supervise correction accordingly; however, the court has no authority to substitute its views for those of the jury as to any matter in dispute. *Herndon v. Sims,* 7 Ga. App. 675 (67 SE 835) (1910). From the pleadings, it is clear that the amount of indebtedness was in dispute. "A verdict may be amended in mere matter of form after the jury have dispersed; but after it has been received and recorded, and the jury dispersed, it may not be amended in matter of substance . . ." Code Ann. § 110-111. Accord *Fried v. Fried,* 208 Ga. 861 (3) (69 SE2d 862) (1952). Clearly the amount of indebtedness in this case was in dispute. Thus, the trial court was without authority to increase the amount of damages determined by the jury.

2. The addition of $990.57 interest by the trial court was also error. See *Jenkins v. Tastee-Freez of Ga., Inc.,* 114 Ga. App. 849 (3) (152 SE2d 909) (1966). From the record before us, we do not know whether the jury denied interest to the appellee or included an amount for interest in the verdict without specifically stating so. It is error for the trial court to add interest after the jury has denied interest in its verdict. See *Giant Peanut Co. v. Carolina Chemicals, Inc.,* 133 Ga. App. 229 (211 SE2d 155) (1974). Accordingly, the judgment is reversed with direction that a new judgment be issued in conformity with the jury's verdict. See Code § 110-311.

*Judgment reversed and case remanded. Underwood and Carley, JJ., concur.*

SUBMITTED APRIL 10, 1979 — DECIDED MAY 23, 1979.

*Flemister, Jewett, Baird & Slotin, C. Lawrence Jewett,* for appellant.

*Parks, Jackson & Howell, Bernard Parks,* for appellee.