### 57838. RON EASON ENTERPRISES, INC. v. McCOLGAN.

SHULMAN, Judge.

Plaintiff-appellant brought suit against defendant-appellee for nonpayment of a note in the principal amount of $12,550.62. In consideration of the note, plaintiff had agreed to assume certain of defendant's debts. Defendant alleged that plaintiff's failure to pay said debts constituted a total or, in the alternative, a partial failure of consideration.

The jury, rejecting defendant's contentions of a total failure of consideration, returned a verdict in favor of the plaintiff for $1,000 plus attorney fees. Plaintiff appeals the judgment entered on the verdict on the grounds that the verdict was inadequate and not authorized by the evidence presented at trial. We reverse.

1. The evidence admitted at trial showed without dispute that the defendant had agreed in writing to pay the plaintiff $12,550.62. According to the plaintiff, defendant presented evidence of a setoff based on plaintiff's alleged partial failure of consideration, which evidence, if believed by the jury, would have authorized the jury to reduce the principal amount of defendant's debt by a maximum of $3,449.70.

While a verdict in the range of $9,100.92 to $12,550.62 (plus interest and attorney fees) would have been authorized by the evidence presented at trial, appellant submits that the award of $1,000 (plus attorney fees) was not supported by the evidence and mandates a reversal of the judgment. We agree.

In the absence of any citation by appellee to the transcript which would controvert appellant's claims,

appellant's assertions regarding the evidence are deemed true, accurate and complete. See Rule 15 (b) (1) of the rules of this court (Code Ann. § 24-3615 (b) (1), effective August 1, 1979); formerly Rule 18 (b) (1) of the rules of this court (Code Ann. § 24-3618 (b) (1)). See, e.g., *Colson v. State,* 138 Ga. App. 366 (1) (226 SE2d 154); *Long County v. Nobles,* 147 Ga. App. 768 (2) (250 SE2d 512). This being so, since the evidence did not support the judgment in the amount rendered, the judgment of the trial court must be reversed. *Greenfield v. Houston,* 116 Ga. App. 192 (156 SE2d 525).

2. The court did not err in excluding interest from the jury's award of damages, since "[i]t was necessary that the jury expressly find interest, and, by their verdict, specify as a separate sum the interest found to be due on the principal sum in order that the plaintiff be entitled to recover interest." *Jenkins v. Tastee-Freez of Ga.,* 114 Ga. App. 849 (3) (152 SE2d 909). "[T]he trial judge was without authority to add interest to [the] judgment without a direction to do so in the verdict." *Erdmier v. Eunice,* 143 Ga. App. 505, 507 (239 SE2d 192).

3. Appellant enumerates as error the court's admission of a number of defendant's exhibits into evidence. As appellant failed to point out with particularity his grounds for objection, the trial court did not err in overruling his general objection. Appellant's failure to properly object to this evidence precludes appellate consideration. *Hudson v. Miller,* 142 Ga. App. 331 (1) (235 SE2d 773).

Since we have reversed the judgment of the trial court for the reasons stated in Division 1, we need not consider other grounds for reversal advanced by appellant.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

Argued May 8, 1979 — Decided September 4, 1979 —

*Richard D. Ellenberg,* for appellant.

*Sarah M. Wayman,* for appellee.