58652. PIZZA RING ENTERPRISES, INC. v. MILLS
MANAGEMENT SOURCES, INC.

SMITH, Judge.

Appellant asserts that the trial court erred in denying appellant's motion to strike appellee's voluntary dismissal. Appellee has filed a motion to dismiss the appeal for lack of jurisdiction. We deny the motion to dismiss the appeal. However, we affirm the trial court's denial of appellant's motion to strike.

1. Ga. L. 1965, p. 18 (Code Ann. § 6-701 (a) (1)) provides that appeals may be taken "[w]here the judgment is final — that is to say where the cause is no longer pending in the court below, except as provided in section 6-701.1." By denying appellant's motion to strike, the trial court approved appellee's termination of the action. The "cause" was therefore no longer pending in the court below. Under Code Ann. § 6-701 (a) (1), the order denying appellant's motion to strike is appealable. See 5 Moore's Federal Practice ¶ 41.02 [6].

2. ". . . [T]he announcement by a trial judge of a decision that will terminate a civil case, though that decision has not been formally reduced to writing and entered, will preclude the filing of a voluntary dismissal after the announcement but before the judgment is actually entered by the trial judge." *Jones v. Burton,* 238 Ga. 394, 396 (233 SE2d 367) (1977). Appellant contends that a decision in its favor had been announced prior to the voluntary dismissal. We disagree.

The following statement by the trial judge is central to appellant's contention that a decision on the merits had been

announced: ". . . If the business records are admissible, then we will continue with the case next Tuesday. If they are not admissible, it ends the case." We do not believe the trial court's statement can be fairly construed in accordance with appellant's contentions. In our view, the trial court was merely indicating that unless certain business records were admissible, the trial of the case was over. This construction is bolstered by the concluding statement of the trial court: "I am going to instruct the reporter to prepare the record and I will read the record." If the trial court had already reached a decision on the merits, further review of the record would have been unnecessary.

Appellant cites nothing in the record indicating that a decision on the merits had been reached prior to the voluntary dismissal. We conclude that appellee's voluntary dismissal was effective under *Jones v. Burton,* supra.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Argued October 17, 1979 — Decided March 19, 1980.

*R. Britt Harris, Jr., Nancy Pat Phillips,* for appellant.
*Donald F. Walton,* for appellee.