## 65825. JACKSON v. LAYTON.

CARLEY, Judge.

Appellant-defendant and appellee-plaintiff entered into a business venture. As a consequence of this agreement, appellee borrowed from a bank approximately $5,000, and invested that amount into the business. Some time later, the parties agreed to terminate the business venture and appellant agreed to buy out appellee's interest in the business. Appellee testified at trial that he then transferred his stock in the business to appellant in consideration for appellant's promise to pay appellee $5,000 and to relieve him of all obligations of the business. Appellant, on the other hand, contended that he made no such promise. It is undisputed, however, that appellant then made two payments to appellee totalling $266. Appellant also made a third payment to appellee, but failed to make any further payments. Appellee then instituted the instant civil action alleging that appellant breached his buy-out contract with appellee. Appellee prayed for $5,400 in damages.

Appellant counterclaimed, alleging that appellee had converted to his own use certain petroleum products owned by appellant. The jury returned a verdict for appellee for the exact amount prayed for by appellee, $5,400. Appellant appeals from the denial of his motion for new trial.

Appellant's only enumeration of error is that the verdict of the jury in the amount of $5,400 was not supported by the evidence. Upon our review of the record, it is clear that the evidence does not, in fact, support a verdict for appellee in the amount of $5,400. Instead, the evidence, including appellee's testimony, shows that the terms of the buy-out contract — the breach of which underlies appellee's claim — evidently provided for payment in the amount of $5,000. Appellee asserts that the portion of the verdict awarded by the jury which was in excess of that amount which was otherwise supported by the evidence should be considered interest. However, appellee did not pray for any interest and there was no charge to the jury concerning interest. See *Blackman v. Wilson,* 28 Ga. App. 768 (113 SE 32) (1922). Furthermore, where liquidated damages are involved, as in the instant case, it is required "that the jury expressly find interest, and, by their verdict, specify as a separate sum the interest found to be due on the principal sum in order that the [appellant] be entitled to recover interest." *Jenkins v. Tastee-Freez of Ga.,* 114 Ga. App. 849, 852 (3) (152 SE2d 909) (1966). See also *Ron Eason Enterprises v. McColgan,* 151 Ga. App. 106, 107 (258 SE2d 761) (1979). The jury did not specify a separate amount as interest in the instant case.

Although there is sufficient evidence to support a verdict for appellee, that evidence does not support a verdict in the amount rendered. We affirm the judgment of the trial court, therefore, on the express condition that within ten days of the date of the remittitur, $400 of the $5,400 verdict, as well as the three payments of $133 each, be stricken from the judgment and the appellee be awarded $4,601; otherwise, reversed.

*Judgment affirmed with direction. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 13, 1983.

*Michael R. Hauptman,* for appellant.
*G. Michael Hartley, Martha Mullins,* for appellee.