### 69685. DISMUKE v. GIBSON et al.
(330 SE2d 771)

BENHAM, Judge.

This case made its first appearance in this court as *Gibson v. Dismuke*, 171 Ga. App. 78 (318 SE2d 666) (1984), where this court affirmed the judgment entered on the jury verdict in favor of Dismuke. After the appellate procedure was exhausted and the remittitur sent to the superior court, appellees Gibson filed a motion in the trial court to conform the judgment to the jury verdict rendered. See OCGA § 9-12-9. After conducting a hearing on the motion, the trial court granted appellees' motion and this appeal followed.

On June 21, 1983, the jury returned a verdict in favor of appellant "in the amount of $11,000." The judgment immediately entered by the trial court on that verdict awarded to appellant the sum of $11,000, "together with interest thereon from August 14, 1975, at the rate of Eight and one-half (8½%) per cent. per annum to the date of this judgment and together with all future interest thereon as provided by law . . ." In their motion to conform, filed August 3, 1984, appellees sought to strike the award of pre-judgment interest, contending that the jury had not included that amount in its verdict. On August 21, 1984, the trial court amended its judgment to award appellant $11,000 together with interest at the rate of 12% per annum from the date of judgment until the date the judgment and accrued interest are paid or deposited with the court clerk. Thus, the award of pre-judgment interest was struck from the judgment.

1. "The court may *amend* a judgment to make it conform to the verdict, not only after the term in which it was rendered, but after the case has been affirmed by an appellate court. [Cits.]." *Kerr v. Noble*, 124 Ga. App. 722 (1) (185 SE2d 807) (1971). See also *Giant Peanut Co. v. Carolina Chemicals*, 135 Ga. App. 597, 598 (218 SE2d 305) (1975). "An exception to such a right of amendment exists under the principle of estoppel only if the error has misled and prejudiced the party opposing the amendment." *Bank of Tupelo v. Collier*, 192 Ga. 409 (Hn. 1 (a)) (15 SE2d 499) (1941). The record in the case at bar contains no allegation that appellant was prejudiced or misled, so appellees were not estopped from seeking to have the judgment conform to the verdict. Nor were appellees estopped from raising the issue by the fact that they did not raise the issue in their earlier appeal to this court. See *Noble v. Kerr*, 123 Ga. App. 319 (4) (180 SE2d 601) (1971).

2. Turning to the merits of the trial court's action in amending the judgment to conform to the verdict, we find no error. "Judgment

and execution shall conform to the verdict." OCGA § 9-12-9. "[T]he trial judge was without authority to add interest to [the] judgment without a direction to do so in the verdict. [Cit.] The entry of an interest judgment here was an impermissible variation of the jury's verdict. [Cits.]" *Erdmier v. Eunice*, 143 Ga. App. 505 (3) (239 SE2d 192) (1977). See also *Walter E. Heller & Co. v. Aetna Business Credit*, 151 Ga. App. 898 (8) (262 SE2d 151) (1979). Since the trial court's judgment was not an accurate reflection of the jury verdict, it was proper for the court to amend the judgment to conform to the verdict.

*Judgment affirmed. Banke, C. J., and McMurray P. J., concur.*

DECIDED APRIL 11, 1985.

*Ben B. Mills, Jr.*, for appellant.
*Roy Benton Allen, Jr., Rob Reinhardt*, for appellees.