### 75680. HOPKINS v. CLANTON MOTOR COMPANY, INC.
(365 SE2d 882)

BEASLEY, Judge.

Appellant Hopkins as executrix of the estate of Alexander M. Hopkins appeals from the denial of a new trial following a verdict and judgment in favor of plaintiff Clanton Motor Company, Inc. in its suit on an account for auto repairs.

Hopkins contends that the trial court erred in failing to grant a new trial because the verdict was contrary to law and the evidence, it granted relief not prayed for in the pleadings, and "it was evident the jury was confused to such an extent as to justify the inference of gross mistake and [undue bias]." She argues that the verdict cannot stand because the award was for more money than prayed for, and there was no evidence to warrant an award of fees under OCGA § 13-6-11.

The complaint alleged that defendant, appellant's decedent was indebted on the open account in the amount of $4,041.33, that demand for the sum had been made, that defendant had refused to pay, and that the refusal was in bad faith so as to justify an award of expenses of litigation including but not limited to reasonable attorney

fees. Plaintiff prayed for judgment of $4,041.33 plus the expenses of litigation and reasonable attorney fees.

As Hopkins concedes, there was evidence at trial that the business' payment records showed that decedent owed $4,041.30 which included interest on the account, that he received a statement every month and was aware of the interest being charged per the terms of the account agreement, that he never gave any indication that he did not consider himself liable for the finance charge, and that as of the day of trial the total due was $6,213.90. There was also evidence of attorney fees in the amount of $932. The verdict and judgment were for $6,550 plus $940 attorney fees.

As to the principal award, appellee Clanton asserts that the difference between the jury verdict and the prayer was permissible interest on a liquidated debt.

1. "[O]pen accounts bear interest from their due date, at which time they are considered liquidated demands. [Cits.]" *Intercompany Svcs. Corp. v. Kleeb*, 140 Ga. App. 512, 513 (4) (231 SE2d 505) (1976). Interest on the liquidated claim is recoverable as a matter of law and is payable from the due date, OCGA § 7-4-15, but that does not end the matter.

As Hopkins points out, there was no prayer for such interest. Moreover, "there was no charge to the jury concerning interest. [Cit.] Furthermore, where liquidated damages are involved, as in the instant case, it is required 'that the jury expressly find interest, and, by their verdict, specify as a separate sum the interest found to be due on the principal sum in order that the [plaintiff] be entitled to recover interest.' [Cits.] The jury did not specify a separate amount as interest in the instant case." *Jackson v. Layton*, 167 Ga. App. 450, 451 (306 SE2d 716) (1983).

Although there is evidence to support a verdict for Clanton, the evidence does not support a verdict in the whole principal amount rendered. Id. However, appellant has not demonstrated that the excess gives rise to a reasonable inference that it was the result of gross mistake or undue bias. Therefore, we affirm this portion of the judgment up to $6,213.90, the amount supported by the evidence.

2. Appellant also asserts that attorney fees were not allowed because the mere failure to pay a claim does not constitute bad faith and there was no evidence to warrant such an award.

"Bad faith is bad faith arising out of the transaction upon which the complaint is based and refers to a time prior to the institution of action. [Cit.]" *Brannon Enterprises v. Deaton*, 159 Ga. App. 685 (285 SE2d 58) (1981). While it is true that, "[t]he mere failure of a defendant to pay a claim does not constitute bad faith, [Cit.]" *Beacon Indus. v. Vanderbunt Concrete*, 172 Ga. App. 573, 576 (2) (323 SE2d 871) (1984), this is not the entire situation here.

There was evidence that during the course of defendant's accrual of the debt he did not dispute it and refuse to pay but rather gave Clanton a note to pay up the account, that Clanton took the note to a bank, co-signed on it and was advanced the money, and that defendant did not pay the note but renewed it with another note and failed to pay the latter when due. Clanton was notified of defendant's failure to pay and it had to make good on the note. This was sufficient for the jury to infer bad faith on the part of the debtor. Since an award of attorney fees of $932 is supported by the evidence, we will not disturb it to that extent. *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458, 460 (2) (278 SE2d 33) (1981).

To sum up, the judgment is affirmed but only on the express condition that within ten days of the date of the remittitur, the excesses in the main award and in the award of attorney fees be stricken from the judgment and the award is reduced to $6,213.90 plus $932 attorney fees; otherwise the judgment is reversed. *Jackson v. Layton*, supra.

3. Appellee's motion for the imposition of damages pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed on condition. McMurray, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 3, 1988.

*J. Kenneth Royal*, for appellant.
*Robert C. Harper*, for appellee.