77277. ASTON MILLS, INC. v. SUNTEK INDUSTRIES, INC.
(378 SE2d 399)

BEASLEY, Judge.
Suntek Industries, Inc., sued Aston Mills, Inc., on open account for yarn used in manufacturing carpet. While not contesting the

amount originally purchased, Aston contended it was entitled to a set-off against that amount because of problems encountered with the yarn, as agreed between the parties. The only uncertainty was the amount of the set-off. A verdict for plaintiff was returned.

Only a portion of the transcript has been provided, consisting of a discussion between the court and parties after the jury charge. This discussion reflects that the issue of prejudgment interest on this amount, which had been prayed for by Suntek under OCGA § 7-4-16, had not been submitted to the jury, plaintiff contending, over objection by defendant, that it should merely be added by the court after the verdict.

Judgment was entered and provided for the addition to the verdict of interest at the commercial rate of 18 percent from the date of the disputed invoice until judgment, and thereafter at the legal rate. Aston's motion for new trial contended that the addition of 18 percent prejudgment interest was error. The judgment was amended to allow 18 percent interest from the invoice date until the date of the verdict and thereafter at the legal rate.

Aston correctly contends on appeal that the court could not add interest. OCGA § 9-12-9 provides that judgment "shall conform to the verdict." Although Suntek argues that the parties had agreed to allow the court to add the interest, nothing in the record reflects such an agreement. The pretrial order specifies the form of the verdict but does not mention interest or reserve that issue for the court or stipulate that interest would be added.

"It was necessary that the jury expressly find interest, and, by their verdict, specify as a separate sum the interest found to be due on the principal sum in order that the plaintiff be entitled to recover interest. [Cit.]" *Jenkins v. Tastee-Freez*, 114 Ga. App. 849, 852 (3) (152 SE2d 909) (1966); *Ron Eason Enterprises v. McColgan*, 151 Ga. App. 106, 107 (2) (258 SE2d 761) (1979).

"[T]he trial judge was without authority to add interest to that judgment without a direction to do so in the verdict. [Cit.] The entry of an interest judgment here was an impermissible variation of the jury's verdict. [Cits.]" *Erdmier v. Eunice*, 143 Ga. App. 505, 507 (3) (239 SE2d 192) (1977); *Hopkins v. Clanton Motor Co.*, 185 Ga. App. 736, 737 (1) (365 SE2d 882) (1988); *Dismuke v. Gibson*, 174 Ga. App. 546, 547 (2) (330 SE2d 771) (1985); *McColgan*, supra.

The judgment is affirmed on the express condition that, within ten days of the date of the remittitur, the prejudgment interest be stricken; otherwise, reversed. *Jackson v. Layton*, 167 Ga. App. 450, 451 (306 SE2d 716) (1983); *Erdmier*, supra.

*Judgment affirmed on condition. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 8, 1989.

McCamy, Phillips, Tuggle, Rollins & Fordham, Joseph T. Tuggle, Jr., for appellant.
Ronald S. Iddins, for appellee.