A91A1989. DOVER et al. v. MASTER LEASE CORPORATION.
(417 SE2d 368)

BEASLEY, Judge.

A jury awarded Master Lease $8,500 in its suit against Dover for breach of an allegedly non-cancellable equipment lease agreement. Lessee Dover appeals the denial of his amended motion for new trial.

Morales, a sales representative for the vendor of business equipment, submitted Dover's application to lessor Master Lease, which agreed to finance Dover's lease purchase of two electronic pay phone systems.

The lease signed by Dover provided: "Lessee has selected both the Equipment and the supplier from whom Lessor covenants to purchase the Equipment at Lessee's request. . . . Lessor shall conclusively presume that the equipment is in good operating order and accepted by lessee unless lessee gives lessor written notice to the contrary within five (5) business days of the equipment's delivery. If no notice is so received lessor may pay vendor for the equipment and the lease shall take effect as of the date of delivery; it also being understood that lessor is not responsible for the performance, maintenance or servicing of the equipment and leases same 'as-is.' "

At the time of installation, lessee's agent signed a delivery and acceptance receipt, acknowledging "that all of the above described Equipment leased from Master Lease Corporation has been received in good condition, installed, operated properly, and is, therefore unconditionally accepted for purposes of the lease. Lessee authorizes Master Lease Corporation to pay the vendor for the Equipment."

Dover claimed that the equipment malfunctioned two days after its installation, and he so notified Morales. He made no payments under the lease, and he did not notify lessor about the alleged defects

until about two-and-one-half months later.

1. Defendant Dover asserts the trial court erred in failing to strike certain rebuttal testimony. Defendant objected to a question posed on rebuttal by defendant. In response, the court limited the form of the question. Plaintiff neither renewed his objection nor moved to strike the response. Since no further ruling was invoked from the trial court, there is nothing to review.

2. It is asserted that matters not in evidence were addressed in closing argument, but it was not transcribed and no effort has been made to complete the record as provided in OCGA § 5-6-41 (d) and (f). Again, there is nothing to review. See generally *Campbell v. Crumpton*, 173 Ga. App. 488 (2) (326 SE2d 845) (1985).

3. It is contended that the court impermissibly expressed an opinion as to what had been proved at trial (OCGA § 9-10-7) when it instructed the jury that "defendant has admitted to signing the contract." Not only was there an absence of objection or motion for mistrial (see *Southeastern Ambulance Corp. v. Freeman*, 185 Ga. App. 119 (3) (363 SE2d 571) (1987)), but appellant had expressly stipulated to that fact at trial.

4. Next is whether the jury verdict must be set aside because it was unsigned and undated. The verdict was signed by the foreman and was received and published in open court with "no objection" by appellant as to its form.

5. Defendant asserts that the judgment does not conform to the verdict. "In determining whether a judgment conforms to the verdict, the judgment must be construed with reference to the pleadings and the evidence. [Cits.]" *Taylor v. Taylor*, 212 Ga. 637, 638 (1) (94 SE2d 744) (1956).

The complaint sought damages for breach of contract plus prejudgment interest in accordance with OCGA § 7-4-15 and attorney fees under OCGA § 13-1-11. This demand was restated in the pretrial order. Damages were proved, including the amount of prejudgment interest claimed and attorney fees incurred. The jury found "in favor of the plaintiff and set damages at $8,500." Judgment was thereafter entered in that amount along with prejudgment interest of $5,758 and attorney fees of $875.

This court cannot consider factual allegations in a brief which are not supported by the record. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223) (1988). Appellee asserts, and appellant does not dispute, that the parties stipulated at the unreported charge conference that issues of attorney fees and prejudgment interest would be withdrawn from the jury's consideration and instead would be added to the verdict by the court in the event of an award in favor of appellee. The court did not charge the jury on these two items, evidencing the plan. Thus there are stronger hints that there was a stip-

ulation than appeared in the record in *Aston Mills v. Suntek Indus.*, 190 Ga. App. 217 (378 SE2d 399) (1989). In that case, the pretrial order neither stated a claim for interest nor reserved that issue for the court. Nevertheless, as in *Aston Mills*, "nothing in the record reflects such an agreement." Id. at 218.

Nor has appellee sought to complete the record, as provided in OCGA § 5-6-41 (f). Consequently, based on the record before us, we must rule that it was error to add prejudgment interest and attorney fees, because OCGA § 9-12-9 requires that "[j]udgment and execution shall conform to the verdict." See *Erdmier v. Eunice*, 143 Ga. App. 505 (3) (239 SE2d 192) (1977). The prejudgment interest and attorney fees must be stricken.

Of course, this does not preclude appellee from seeking an amendment to that revised judgment, which would show that there was in fact a stipulation so as to authorize the restoration of the two items. See *Dismuke v. Gibson*, 174 Ga. App. 546 (1) (330 SE2d 771) (1985).

6. The remaining enumerations of error complain that the trial court failed to charge the jury on the principle of novation and also gave certain erroneous instructions. Assuming novation was evidenced, there was neither a request for a charge on novation nor an objection to the court's failure to so charge. Defendant merely "reserve[d his] objection [to the charge as given] to a later time." It is too late now to complain. OCGA § 5-5-24 (a); *Herring v. McLemore*, 248 Ga. 808 (3) (286 SE2d 425) (1982); *Landon v. Lavietes*, 156 Ga. App. 123 (2) (274 SE2d 120) (1980).

7. Appellee's motion for damages for frivolous appeal pursuant to OCGA § 5-6-6 is denied.

The judgment is affirmed on the express condition that, within ten days of the date of the remittitur, the prejudgment interest be stricken; otherwise, reversed. *Aston Mills*, supra at 218.

*Judgment affirmed on condition. Johnson, J., concurs. Carley, P. J., concurs in Divisions 1, 2, 3, 4, 6 and 7 and in the judgment.*

DECIDED MARCH 9, 1992 —
RECONSIDERATION DENIED MARCH 24, 1992.

*John W. Knapp, Jr.*, for appellants.
*Victoria J. Hoffman*, for appellee.