A93A0684. ROSS et al. v. HAGLER.
(433 SE2d 124)

BLACKBURN, Judge.

The appellee, Louise Hagler, commenced this action against Gary Brock & Associates, Inc., and Larry Ross, seeking damages for persistent flooding in her back yard allegedly caused by improper erosion and sedimentation control in the defendants' development of a residential subdivision. Following trial in the matter, the jury returned a verdict for Hagler in the amount of $7,600 damages and $16,600 attorney fees.

In 1986, Hagler and her family constructed a home on a lot adjoining a subdivision called Markets Walk that was being developed

at the time. She had no complaints associated with the land development until August 1990, when her back yard suddenly flooded with water draining from the developing lots. Thereafter, Hagler continued to experience flooding every time it rained, with resulting deposits of silt, construction debris, and trash.

In response to a complaint by Hagler, a DeKalb County environmental developmental technician inspected the site on August 3, 1990, and notified the defendants that they should correct the erosion and sedimentation problem resulting from the land development activities. This technician subsequently inspected the site on several other occasions and issued warnings to the defendants, instructing them to correct the erosion, and the defendants did take some remedial measures such as installing silt fences. At the trial, the technician acknowledged that the defendants eventually were cooperative in attempting to correct the problem.

Subsequently, an environmental specialist with the Georgia Department of Natural Resources also inspected the subdivision development and Hagler's property, and he observed what he described as "unconventional" methods of erosion control. Specifically, he noted a large ditch that was apparently designed to carry water, deteriorated silt fences, and use of riprap as bed rock for the drainage ditch. Initially, he cited the defendants for having failed to obtain a land disturbance permit, but this citation was rescinded, provided the defendants control the erosion. The department ultimately concluded that because of the stage of completion of the subdivision, the problem was more properly classified as a storm water management matter, rather than an erosion and sedimentation problem.

1. A civil engineer, who had inspected the site and met with the defendants to discuss possible remedial measures, testified as an expert witness on Hagler's behalf. In his opinion, the erosion and sedimentation control measures implemented by the defendants were temporary and ineffective. Despite having been forewarned by the trial court not to mention any discussions regarding settlement or compromise, in recounting the remedial measures discussed during his meeting with the defendants, the engineer testified that "beyond that, work that would accommodate their proposal back to me was that there could be some consideration given to the Haglers of — in reimbursing them for corrective measures that were taken."

The defendants then moved for mistrial on the ground that this testimony impermissibly introduced evidence of an offer to compromise and settle. The trial court denied the motion, but instructed the jury to disregard the witness's statement about any reimbursement of Hagler, emphasizing that "You are not to consider that. That is not a matter for you to consider in this case." On appeal, the defendants contend that this curative instruction was insufficient, and that the

trial court erred in failing to grant a mistrial.

OCGA § 24-3-37 provides in part that "admissions, or propositions made with a view to a compromise are not proper evidence." The law encourages settlements by prohibiting admission into evidence offers to compromise and settle a disputed claim. *Davidson v. American Fitness Centers*, 171 Ga. App. 691 (3) (320 SE2d 824) (1984).

Although the engineer's testimony actually may have concerned the implementation of corrective measures they discussed rather than an offer to compromise a claim, the testimony was capable of being understood as evidence of the latter. However, the witness's brief reference to the discussion regarding reimbursement of Hagler for corrective measures did not require grant of a mistrial.

A trial court's decision to deny a motion for mistrial will not be disturbed absent a manifest abuse of discretion. *Bullock v. Bullock*, 244 Ga. 538 (261 SE2d 331) (1979); *Marriott Corp. v. American Academy of Psychotherapists*, 157 Ga. App. 497 (277 SE2d 785) (1981). "Where a motion for a mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of discretion, the refusal of the trial court to grant a mistrial is not error. [Cits.]" *Hixson v. Barrow*, 142 Ga. App. 65, 68 (4) (234 SE2d 805) (1977). In the instant case, the trial court gave immediate and emphatic instructions to the jury to disregard the objectionable remark, and we find no manifest abuse of discretion in denying the defendants' motion for mistrial.

2. The civil engineer also testified that in his expert opinion, under the requirements of the Sedimentation and Erosion Control Act, a subdivision owner and developer are responsible for development-wide sedimentation and erosion control devices, as well as a storm water system. The defendants contend that admission of this testimony was error, as it addressed the ultimate issue to be decided by the jury. We disagree.

The Georgia Supreme Court has held that "[e]xpert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman. [Cits.]" *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). The expert witness's opinion as to the responsibility for erosion and sedimentation control measures required by the law and acceptable engineering practices concerned such a matter beyond the knowledge of the average layman.

We also note that the ultimate issue in this case actually was whether or not the defendants created a continuing trespass upon Ha-

gler's property, rather than who has legal responsibility for implementing erosion and sedimentation control measures in a land development project. Further, prior to the testimony of the civil engineer, one of the defendants himself testified that the owner/developer of a subdivision is responsible for any drainage problems created by the development, which imported essentially the same information as testified to by the civil engineer. The testimony thus merely corroborated the evidence that was before the jury without objection, and could not have affected the verdict. *Wilson v. Bonner*, 166 Ga. App. 9, 17 (5) (303 SE2d 134) (1983).

3. At the close of Hagler's case, the defendants moved for a directed verdict on the claims for punitive damages and attorney fees. The trial court granted the motion as to the issue of punitive damages, but denied it as to the issue of attorney fees. The defendants contend that under *General Refractories Co. v. Rogers*, 240 Ga. 228 (239 SE2d 795) (1977), the trial court's determination that there was no evidence to support an award for punitive damages also eliminated the claim for attorney fees based on bad faith.

In *General Refractories Co.*, where the defendant's mining operation on its land resulted in an increase in the natural flow of surface water onto the plaintiff's land, the Supreme Court observed that in order to impose exemplary or punitive damages under OCGA § 51-12-5, there must be aggravating circumstances, i.e., "evidence of wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." Id. at 230. Attorney fees as expenses of litigation, however, are not punitive damages, but are regulated by OCGA § 13-6-11, and the jury may award them if the defendant has acted in bad faith. *Ponce de Leon Condos. v. DiGirolamo*, 238 Ga. 188 (2) (232 SE2d 62) (1977). "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *DeKalb County v. McFarland*, 231 Ga. 649, 651 (203 SE2d 495) (1974).

In *General Refractories Co.*, the Supreme Court properly concluded that the lack of proof of an intentional tort was fatal to both the claim for punitive damages and the claim for attorney fees. However, nothing in that case prohibits awarding attorney fees based upon the showing of an intentional tort, where the absence of aggravating circumstances precludes awarding any punitive damages. That is, although conduct may constitute an intentional tort and therefore authorize imposition of attorney fees, it may not be so egregious as to present the aggravating circumstances necessary for punitive damages. In the instant case, there was some evidence that the defendants intentionally diverted the flow of water onto the property in question, and the trial court properly denied the defendants' motion for di-

rected verdict on the claim for attorney fees.

4. During closing argument, counsel for Hagler remarked to the jury that "I don't think you would like to have the defendants develop a neighborhood behind you." The defendants moved for mistrial, on the ground that the remark improperly asked the jurors to place themselves in the position of a party. The trial court denied the motion, but immediately instructed the jury that the statement was improper and must be disregarded.

"Even where the conduct of counsel exceeds the bounds of propriety, the trial judge is vested with a broad discretion in determining whether to grant a mistrial, and his ruling will not be disturbed unless it appears that his discretion was manifestly abused. [Cits.]" *Walker v. Bishop*, 169 Ga. App. 236, 241-242 (8) (312 SE2d 349) (1983). In the instant case, the trial court's instruction to the jury to disregard the improper statement by Hagler's counsel was sufficient to preserve the jury's objectivity, and we find no manifest abuse of discretion in the trial court's denial of the defendant's motion for mistrial. See *Doe v. Moss*, 120 Ga. App. 762, 767 (172 SE2d 321) (1969).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 24, 1993.

*Lewis M. Groover, Jr.*, for appellants.
*Huddleston & Medori, Kathryn M. Zickert, Karen S. Byers*, for appellee.