A93A1390. D.P.S. INDUSTRIES, INC. v. SAFECO INSURANCE COMPANY OF AMERICA.
(435 SE2d 762)

POPE, Chief Judge.

Plaintiff D.P.S. Industries, Inc. ("D.P.S.") brought an action against defendant Reeves Ditching ("Reeves") and its surety Safeco Insurance Company of America ("Safeco"), alleging breach of contract against Reeves and seeking recovery under Safeco's payment bond. Defendant Safeco filed its answer, and also asserted a counterclaim against D.P.S. and a cross-claim against Reeves. Safeco also served interrogatories upon D.P.S., and after D.P.S. responded, filed a motion for sanctions and to compel discovery, contending that D.P.S.'s responses were both untimely and insufficient. The hearing on Safeco's motion was set for January 25, 1993, but on January 14, 1993, D.P.S. voluntarily dismissed its case without prejudice pursuant to OCGA § 9-11-41. On January 25, 1993, the trial court entered an order requiring plaintiff to respond to Safeco's interrogatories and to pay attorney fees in the amount of $500. D.P.S. then filed this direct

---

Constitution do not require tape recording of custodial statements. See *Stephan v. State*, supra, 711 P2d at 1160.

appeal.

1. In its only enumeration of error, D.P.S. argues the trial court erred in granting an order compelling discovery and awarding sanctions, because D.P.S.'s voluntary dismissal terminated the entire action including the counterclaim. We agree.

Pursuant to OCGA § 9-11-41: "[A]n action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case. . . . If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

D.P.S. argues Safeco never objected to the voluntary dismissal, thereby waiving any rights to pursue its counterclaim. Safeco urges an objection to a voluntary dismissal is not required in order to maintain a counterclaim when the counterclaim is capable of independent adjudication. Safeco also maintains that it did properly object to the dismissal of the complaint even though it was not required to do so. We find both of Safeco's contentions to be without merit.

This court has previously held that a defendant must object to a plaintiff's voluntary dismissal, pursuant to OCGA § 9-11-41, to preserve a counterclaim capable of independent adjudication, *Hardwick-Morrison Co. v. Mayland*, 206 Ga. App. 426 (425 SE2d 416) (1992), and to provide plaintiff with notice that it intends to pursue its counterclaim. Thus, in *Hardwick*, this court held that defendant's failure to object to a voluntary dismissal of the main action containing a counterclaim resulted in dismissal of the counterclaim. See also *Moore v. McNair*, 145 Ga. App. 888 (245 SE2d 25) (1978) (holding that upon appellee's failure to object to appellant's voluntary dismissal, the "action," including appellee's counterclaim, was dismissed).

However, in addition to arguing that it was not required to object to the dismissal of plaintiff's complaint in order to preserve its counterclaim, Safeco also contends it provided D.P.S. with "ample" written notice of its objection to the dismissal of the lawsuit. The record, however, contains no evidence of written objection. Because this court cannot consider factual allegations in a brief which are not supported by the record, we cannot consider Safeco's claims. *Dover v. Master Lease Corp.*, 203 Ga. App. 526 (5) (417 SE2d 368) (1992).

As further proof of its objection, Safeco argues it vigorously pursued matters relevant to its counterclaim and did not acquiesce to the plaintiff's dismissal. Safeco cites no authority supporting its contention that an objection can be inferred from the actions of the defendant. Safeco also claims during the hearing on the motion for sanctions that it "stressed to the trial court that its counterclaim was still pending, notwithstanding the dismissal by D.P.S. of their lawsuit." That

hearing, however, was not transcribed and, as stated above, this court cannot consider representations in the briefs of the parties which do not appear in the record. Id.

Because Safeco failed to object to D.P.S.'s voluntary dismissal, the entire action, including the counterclaim, was dismissed without prejudice. Accordingly, the trial court was without power to rule on Safeco's motion, and the order granting the relief sought in the motion must be vacated.

2. Safeco has filed a motion to dismiss D.P.S.'s appeal and a motion for penalty, claiming D.P.S. should have filed its appeal by way of interlocutory application rather than by direct appeal. Because we find the counterclaim was dismissed for want of defendant's objection, leaving no "action" pending in the trial court, this court has jurisdiction of the direct appeal. *Pizza Ring Enterprises v. Mills Mgmt. Sources*, 154 Ga. App. 45 (267 SE2d 487) (1980).

*Judgment vacated. Motion to dismiss denied. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 16, 1993.

*Theresa K. Read*, for appellant.
Dave Parrish, Sr., *pro se*.
*Whicker, Gandy & Rice, L. Spencer Gandy, Jr., Bovis, Kyle & Burch, John V. Burch, Robert B. Caput*, for appellee.