A94A0101. VOXCOM, INC. et al. v. BODA.
(444 SE2d 164)

POPE, Chief Judge.

Plaintiff/appellee Stephen A. Boda brought suit against appellant Voxcom, Inc. alleging breach of the severance pay provision of the parties' employment contract and against Voxcom's president, David Good, alleging malicious interference with contractual relations. The jury awarded Boda $63,527 on his claim against Voxcom but found in favor of Good on Boda's malicious interference claim. Voxcom appeals, enumerating as error the denial of its motion for mistrial made when Boda, during cross-examination by Voxcom's counsel, testified that Voxcom had made "a couple of offers to settle."

OCGA § 24-3-37 prohibits the introduction of evidence concerning offers to settle or compromise a disputed claim, and Boda's testimony concerning offers to settle was clearly inadmissible. The ques-

tion remains, however, as to whether the trial court's refusal to grant a mistrial requires reversal under the facts of this case. "A trial court's decision to deny a motion for mistrial will not be disturbed absent a manifest abuse of discretion. [Cits.] 'Where a motion for a mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of discretion, the refusal of the trial court to grant a mistrial is not error. (Cits.)' [Cit.]" *Ross v. Hagler*, 209 Ga. App. 201, 203 (1) (433 SE2d 124) (1993).

The record in this case shows that the line of questioning immediately preceding the inadmissible testimony concerned whether Boda had discussed severance pay with Voxcom after he was terminated. Boda responded that he and his attorneys had discussed it. Voxcom's counsel made reference to the filing of the lawsuit being a form of conversation and then questioned Boda again concerning whether he had gone to Voxcom's president and asked him for the severance pay. Boda responded that he had not, and Voxcom's attorney asked: "Did you go to your attorneys and your attorneys communicated with Voxcom during the first year after the severance?" Boda responded "I'm not sure what the time frame was of when we discussed that, but they've made a couple offers to settle with me over the seven-year period. . . ." Voxcom's counsel told the witness that that was not the question asked and again posed the question of whether or not Boda had inquired about severance pay during the first year after he was terminated.

When cross-examination of the witness was completed, and after the jury had been dismissed for an overnight recess, counsel moved for a mistrial based on the testimony concerning settlement offers. The trial court ordered the court reporter to transcribe the portion of the testimony complained about and after reviewing the transcript, denied the motion for mistrial and indicated its intent to instruct the jury to disregard any statements made about offers to settle. Voxcom's counsel excepted to the court's ruling, but requested that instead of curative instructions the jury be informed that there had been no offers to settle made in the case. Pursuant to this request, the following stipulation was read before the jury and made a part of the record in the case: "The parties have stipulated, meaning there's an agreement between the parties, that there have been no settlement offers in this case, and the jury should not infer from the testimony or the evidence that there ever have been any settlement offers."

Under these facts, a mistrial was not mandated. Although the witness' response was not totally responsive to the question posed, the testimony was elicited on cross-examination and it was Voxcom's counsel who first made reference to the filing of the lawsuit, and then

inquired about conversations between Boda's counsel and Voxcom's representatives. Moreover, pursuant to the stipulation read to the jury, the jury was not merely instructed to disregard the testimony but was in essence instructed to disbelieve the testimony of Boda concerning settlement offers. A mistrial was not essential to the preservation of a fair trial in this case, and we find no manifest abuse of discretion in the trial court's denial of the motion. See *Ross v. Hagler*, 209 Ga. App. at 203 (1); *Marriott Corp. v. American Academy of Psychotherapists*, 157 Ga. App. 497, 506 (4) (277 SE2d 785) (1981); *Progressive Cas. Ins. Co. v. West*, 135 Ga. App. 1 (2) (217 SE2d 310) (1975).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 18, 1994.

*Webb & Lindsey, Richard P. Lindsey*, for appellants.
*Zimring & Ellin, Martin L. Ellin*, for appellee.