## A96A0665. VOXCOM, INC. v. BODA.

(472 SE2d 155)

RUFFIN, Judge.

This is the second time this case has come before us on appeal. See *Voxcom, Inc. v. Boda*, 213 Ga. App. 257 (444 SE2d 164) (1994). In the underlying action, Stephen Boda sued Voxcom, Inc. for breach of the severance pay provision in the parties' employment contract. The jury returned a verdict in favor of Boda for $52,000 principal and $11,527 interest.[1] After the jury was dismissed, Boda moved the court to amend the verdict to include additional interest. Boda argued the parties stipulated that interest, if awarded, should have been calculated at seven percent from the date of the breach, totaling $23,053. The trial court granted the motion and added $11,527 in interest to the jury's verdict. Voxcom appeals from that order, and for reasons which follow, we reverse.

The sole issue for consideration here is whether the trial court erred in amending the verdict to include the additional interest. In its order, the trial court found that according to its charge, "interest was to be calculated based on three stipulated factors: (1) the principal sum ($52,000), (2) the date of breach if any was found and (3) the appropriate rate of interest (7%) [totaling $23,053]." Likewise, both parties contend in their appellate briefs, without citation to the transcript, that the court charged that the jury could award interest at seven percent from the date of breach. The parties further contend that the court charged the jury that it "may consider and determine from what date there has occurred a breach of contract, and whether you will include a recovery of interest in your award. . . ." Boda asserts in his brief, again without citation to the record, that the trial court ruled that the breach occurred on a certain date and that the seven percent interest could only be awarded from that date to the date of the verdict. We find, however, that none of these assertions is supported by the record.

We have thoroughly reviewed the court's entire charge and find only the following language concerning damages: "If you find that [Voxcom] breached its contract with [Boda], the proper measure of damages would be one year's severance pay, whatever you determine the severance pay to have been as determined by the contract between [Voxcom] and [Boda]. Should you find in favor of Mr. Boda . . . you may award [him] damages for Voxcom's alleged breach of

---

[1] Although the verdict was stated as an aggregate sum of principal and interest in the amount of $63,527, the record shows that the parties stipulated the amount of principal to be awarded, if any, was $52,000, leaving the balance to be attributed as interest. See *Mock v. Wrigley*, 178 Ga. App. 660 (344 SE2d 482) (1986); *Bentley v. Phillips*, 171 Ga. 866 (5) (156 SE 898) (1930). The issue of whether such an aggregate award is in error is not before us. See id.

contract. The *maximum amount* of damages you may award against Voxcom is the sum the parties have stipulated to as one year's severance pay, that is $52,000, plus interest of $23,053, for a total of $75,053." (Emphasis supplied.)

Because the charge conference was not recorded, we cannot account for the discrepancy between the court's and the parties' recollection of the jury charge and the transcript. While the additional instructions stated in the parties' briefs may have been requested or even agreed upon, "[w]e are bound to decide the case upon the record as it comes to us and not upon the briefs of counsel. . . ." *Anderson v. Oakley*, 133 Ga. App. 758, 760 (212 SE2d 875) (1975). Likewise, Boda's failure to cite that portion of the record where the court purportedly ruled regarding the date of the breach, renders that contention meritless. Under Court of Appeals Rule 27 (b) (1), Boda was required to cite that part of the transcript if he believed Voxcom's facts were incomplete. In the absence of such citation, Boda is deemed to consent to a decision based on Voxcom's statement of facts. Id. We will not cull the record on Boda's behalf. *Saffar v. Chrysler First &c.*, 215 Ga. App. 239 (1) (450 SE2d 267) (1994).

Based on the record, we conclude the trial court was not authorized to amend the verdict. "A verdict may be amended in mere matter of form after the jury has dispersed. However, after a verdict has been received and recorded and the jury has dispersed, it may not be amended in matter of substance either by what the jurors say they intended to find or otherwise." OCGA § 9-12-7. See also *Force v. McGeachy*, 186 Ga. App. 781, 783 (1) (368 SE2d 777) (1988). A jury's verdict is presumed to be valid and should, if possible, be construed as such. *Parks v. Parks*, 89 Ga. App. 725, 728 (1) (80 SE2d 837) (1954).

In this case, it is clear that the jury intended to award interest, but found that Boda was entitled to less than the maximum amount the court charged could be awarded. Although Boda asserted in his appellate brief that the trial court ruled the breach occurred on a certain date, as noted above, this assertion was not supported by reference to the transcript. It is possible that the jury decided that the breach occurred at a later date, thereby accounting for the reduction in interest. Such a finding is certainly authorized under the rules governing construction of verdicts. See id. After the jury dispersed, the trial court was without authority to add additional interest; the verdict was valid, and there is no indication the jury intended to award the maximum amount of interest. See *McGeachy*, supra; *Aston Mills v. Suntek Indus.*, 190 Ga. App. 217 (378 SE2d 399) (1989). "Accordingly, the judgment is reversed with direction that a new judgment be issued in conformity with the jury's verdict. [Cit.]" *Hoffman v. Clendenon*, 150 Ga. App. 98, 99 (2) (256 SE2d 676) (1979).

*Judgment reversed and remanded with direction. McMurray, P. J., and Johnson, J., concur.*

DECIDED JUNE 3, 1996.

*Webb & Lindsey, Richard P. Lindsey*, for appellant.
*Zimring, Ellin & Miller, Martin L. Ellin*, for appellee.