A00A0852. SAMPSON v. INTELLECTUAL TECHNOLOGIES, INC.
(529 SE2d 921)

McMURRAY, Presiding Judge.

G. Scott Sampson sued C. Earl Peek and Intellectual Technologies, Inc. ("ITI"), alleging breach of contract. Sampson sought to recover royalties allegedly due him under a licensing agreement for a board game he invented called "Travel Buff." He also sought to terminate the agreement. ITI and Peek, who is president and chief executive officer of ITI, counterclaimed for declaratory and injunctive relief, as well as restitution of excess royalties allegedly paid to Sampson.

The jury returned a verdict finding that the contract permitted ITI to deduct certain costs when calculating royalties. The jury also found that ITI had failed to pay Sampson all the royalties he was owed. However, the jury declined to award damages. Next, the jury found that ITI breached the agreement. However, the jury determined that the breach did not constitute sufficient cause for Sampson to terminate the agreement. Finally, the jury ruled against ITI on its restitution claim. Sampson moved for judgment notwithstanding the verdict, which was denied. He appeals. *Held*:

1. Sampson has failed to comply with Court of Appeals Rule 27 (c) (3) (i), which provides: "Each enumerated error shall be supported in the brief by specific reference to the record or transcript." While the rule authorizes this Court to dismiss any appeal for failure to cite to the record, as ITI urges, we are not required to do so.[1] Accordingly,

---

[1] *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (b) (487 SE2d 354).

we decline ITI's request to hold Sampson in contempt.

2. As best this Court can determine, Sampson, an attorney who is proceeding pro se, enumerates as error the trial court's decision to uphold the jury's finding that ITI's breach of the agreement did not entitle Sampson to terminate it. In his amended notice of appeal, Sampson directed the clerk of the trial court to omit from the record on appeal a transcript of the testimony presented at trial.

> "It is well-settled law that without a transcript to review, this court must assume as a matter of law that the evidence at trial supported the court's findings. It is the burden of the complaining party, including pro se appellants, to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review."[2]

"[A]n appeal with enumerations dependent upon a consideration of the evidence heard by the trial court will, absent a transcript, be affirmed."[3]

Without a transcript of the testimony below, we cannot review the basis for the jury's finding that the breach was insufficient cause to terminate the agreement. In any event, "[a] jury's verdict is presumed to be valid and should, if possible, be construed as such. [Cit.]"[4]

We presume that the jury's verdict, as construed by the trial court, is valid.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 22, 2000.

*G. Scott Sampson*, pro se.
*Arnall, Golden & Gregory, Ligia P. Arias, Stephen M. Dorvee*, for appellee.

---

[2] (Citations omitted.) *Trevino v. Flanders*, 231 Ga. App. 782 (1) (501 SE2d 13).
[3] *Bhatia v. West Cash &c. of Savannah*, 157 Ga. App. 145-146 (276 SE2d 656).
[4] *Voxcom, Inc. v. Boda*, 221 Ga. App. 619, 620 (472 SE2d 155).