A07A0702, A07A0703. CLARK v. FITZGERALD WATER, LIGHT
& BOND COMMISSION; and vice versa.
(648 SE2d 654)

MILLER, Judge.

The Fitzgerald Water, Light & Bond Commission (the "Utilities Commission") filed a complaint for breach of contract against Bobby Clark to recover the costs of providing water and sewer lines to a residential subdivision that Clark had developed. On June 23, 2006, following a jury trial, the trial court entered its judgment on the jury's verdict in favor of the Utilities Commission and against Clark in the amount of $52,414 – $39,914 as unpaid principal on the contract, plus $12,500 as prejudgment interest at the rate of four percent per annum from July 28, 1998.

In Case No. A07A0702, Clark appeals the trial court's denial of his motion to dismiss on the ground that the Utilities Commission lacked the capacity to sue and be sued. In Case No. A07A0703, the Utilities Commission cross-appeals, contending that the trial court erred in entering its judgment on the jury's verdict insofar as the jury reduced the contractual interest rate from eight percent to four percent in computing the amount of prejudgment interest. In Case No. A07A0702, finding that the Utilities Commission was a proper party plaintiff having the capacity to sue and be sued, we affirm. In Case No. A07A0703, we find that the trial court did not err in entering judgment on the jury's award of prejudgment interest, the jury's verdict having been rendered without objection and the jury thereafter dispersed. We therefore affirm both cases.

Viewed in the light most favorable to the jury's verdict, the evidence shows that on July 28, 1994, Clark and the Utilities Commission entered into a written contract in which the Utilities Commission agreed to provide water and sewer lines to the subdivision that Clark developed at his expense. In May 2003, the Utilities Commission filed the instant lawsuit against Clark for nonpayment of costs it incurred upon installing water and sewer lines as called for under the contract. In January 2006, Clark filed his second amended answer, contending that the Utilities Commission was an improper party plaintiff as a legal entity not capable of suing or being sued. In March 2006, the Utilities Commission amended its complaint to

reflect its correct name, the "Fitzgerald Water, Light and Bond Commission, an Agency and Instrumentality of the City of Fitzgerald, a Municipal Corporation." The trial court's denial of Clark's motion to dismiss for lack of standing to sue and the trial of the case before a jury followed.

## Case No. A07A0702

1. Clark argues that the Utilities Commission is not a legal entity recognized by law as capable of suing or of being sued because the Charter of the City of Fitzgerald did not expressly provide it with such authority. We disagree.

By his appellate brief, Clark concedes that the City's Charter granted the Utilities Commission the power to contract, and in doing so, he forecloses his claim on appeal. "[T]he ability to contract evidences a separate legal entity with the implied power to sue and be sued over contracts. See generally *Cravey v. Southeastern Underwriters [Assn.]*, 214 Ga. 450, 453-455 (1) (105 SE2d 497) (1958)." *Foskey v. Vidalia City School*, 258 Ga. App. 298, 302 (b) (574 SE2d 367) (2002).

## Case No. A07A0703

2. The Utilities Commission cross-appeals, contending that the trial court erred in entering its judgment on the jury's verdict insofar as the jury reduced the contractual interest rate from eight percent to four percent in making its award of prejudgment interest. We disagree.

It is well settled that "[a] verdict may be amended in mere matter of form after the jury has dispersed. However, after a verdict has been received and recorded and the jury has dispersed, it may not be amended in matter of substance either by what the jurors say they intended to find or otherwise." OCGA § 9-12-7; *Fried v. Fried*, 208 Ga. 861 (3) (69 SE2d 862) (1952). The award of interest is a matter of substance and cannot be amended after the jury has been dispersed. *Voxcom, Inc. v. Boda*, 221 Ga. App. 619, 620 (472 SE2d 155) (1996).

Here, even though given ample opportunity to do so at trial, the Utilities Commission failed to object to the jury's verdict as to its award of prejudgment interest or otherwise. "After the jury dispersed, the trial court was without authority to add additional interest." *Voxcom, Inc.*, supra, 221 Ga. App. at 620. Accordingly, the trial court did not err in entering judgment on the jury's verdict as rendered.

*Judgment affirmed as to both cases. Barnes, C. J., and Smith, P. J., concur.*

38

*Reinhardt, Whitley, Wilmot, Summerlin & Pittman, Glenn Whitley*, for appellant.

*Jay, Sherell, Smith & Braddy, John E. Smith III, Matthew G. Braddy*, for appellee.